■ FENTON R. YORK, Appellant, v STERLING INSURANCE COMPANY, Respondent, et al., Defendant.—Mahoney, P. J. Appeal from an order of the Supreme Court at Special Term (Zeller, J.), entered June 13, 1984 in Madison County, which granted a motion by defendant Sterling Insurance Company to dismiss the complaint and denied plaintiff's cross motion for summary judgment.

On June 27, 1982, defendant Rhonda Excell was riding a dirt bike owned by plaintiff, with plaintiff's permission, on

plaintiff's residential property. She was injured when she lost control of the bike and collided with a building situated on adjoining property. Excell commenced an action against plaintiff. When the insurer on plaintiff's homeowner's insurance policy disclaimed coverage, plaintiff commenced this declaratory judgment action seeking a declaration that the insurer is required to defend and indemnify. Special Term dismissed the complaint and this appeal by plaintiff ensued.

In the instant case, it is undisputed that Excell's bike ride began on plaintiff's property and that she collided with an adjoining landowner's house approximately 10 feet from plaintiff's property line. The complaint in Excell's action alleges that she lost control of the bike while on plaintiff's property and was "carried * * * across the premises of [plaintiff] onto the [neighbor's] property". The insurer disclaimed because of an exclusion in the policy which provides that the policy does not apply to bodily injury arising out of the use of "any recreational motor vehicle owned by any Insured, if the bodily injury * * * occurs *away from* the residence premises" (emphasis supplied).

Insurance policies, drawn as they ordinarily are by the insurer, are to be liberally construed in favor of the insured (see, *Miller v Continental Ins. Co.,* 40 NY2d 675, 678). Further, "when the issue is the appropriate construction or interpretation to be placed upon an exclusionary clause in a policy, the carrier must establish that its construction or interpretation of the policy is the *only* construction that can fairly be placed thereon" (*American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 276 [emphasis in original]; see, *Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386, 390; *American Home Assur. Co. v Hartford Ins. Co.,* 74 AD2d 224, 228). Here, the insurer's interpretation of the exclusion, that it applies to any bodily injury occurring beyond the plaintiff's property lines, is not the only reasonable interpretation. The phrase "away from" is not synonymous with the terms "off" or "beyond". Since the policy exclusion used the phrase "away from", plaintiff's construction, that the exclusion applies to conduct not logically connected to the area utilized for his residential purposes, is eminently reasonable. Thus, the insurer has not met its burden of proving that its construction is the only one which can fairly be placed on the exclusion. The bike riding activity at issue herein took place on plaintiff's residential premises and it was only the unfortunate loss of control by Excell which took the bike over the property line. Thus, the

exclusion raised by the insurer is inapplicable and the insurer is obligated to defend.

Order reversed, on the law, with costs; defendant Sterling Insurance Company's motion denied and plaintiff's cross motion granted, and it is declared that Sterling Insurance Company is obligated to defend Fenton R. York in the action entitled Rhonda Excell against Fenton R. York. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.