■ VINOCUR'S INC., Respondent, v CNA INSURANCE COMPANIES et al., Appellants.—In an action for a judgment declaring the disclaimer of coverage by the defendants to be null and void and requiring them to defend and indemnify the plaintiff in a related action, the defendants appeal from an order of the Supreme Court, Kings County (I. S. Aronin, J.), dated November 22, 1985, which, inter alia, granted the plaintiff's motion for summary judgment and declared that they were obligated

to defend and indemnify the plaintiff under a comprehensive liability policy issued by them to the plaintiff, struck the defendants' answer, and denied the defendants' cross motion to dismiss the complaint.

Ordered that the order is affirmed, with costs.

On March 16, 1983, the defendants issued to the plaintiff a comprehensive policy of liability insurance which, insofar as relevant herein, defined the "policy territory" as "[a]nywhere in the world with respect to damage because of *bodily injury* or *property damage* arising out of a product which was sold for use or consumption within [the United States of America, its territories or possessions or Canada]" (emphasis added). In November 1982, the plaintiff sold, from its Brooklyn retail establishment, a fireplace to one Martin Stern, who, at the time of purchase, disclosed that he intended to ship the article to Israel, where, he contends, the fireplace fell apart, injuring his infant daughter. Thereafter, during the policy period, Stern commenced an action against the plaintiff and the manufacturer of the fireplace seeking damages for injuries sustained by his daughter. The plaintiff informed the defendants of the lawsuit, requesting that they defend and indemnify it under the policy. The defendants refused, contending that the claim was not covered under the policy since the fireplace was not sold for use or consumption within the United States. The plaintiff then commenced the instant action seeking a judgment declaring the defendants' obligation to defend and indemnify it under the policy. The plaintiff subsequently moved for summary judgment declaring its entitlement to coverage. The defendants cross-moved for summary judgment dismissing the plaintiff's complaint. Special Term granted the plaintiff's motion, determining that the defendants were obligated to defend and, if necessary, indemnify the plaintiff. We affirm.

It is well settled that insurance policies, drawn as they are by the insurer, are to be liberally construed in favor of the insured (*see, e.g., Miller v Continental Ins. Co.,* 40 NY2d 675; *York v Sterling Ins. Co.,* 114 AD2d 665, *affd* 67 NY2d 823). Moreover, as the defendants concede, "when the issue is the appropriate construction or interpretation to be placed upon an exclusionary clause in a policy, the carrier must establish that its construction or interpretation of the policy is the *only* construction that can fairly be placed thereon" *(American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 276; *see, York v Sterling Ins. Co., supra; see also, Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386).

At bar, the operative language of the "policy territory" provision provides for coverage because of bodily injury or property damage arising out of products sold for consumption and use in the United States, its possessions and territories, and Canada. The plaintiff here consummated and completed the sale of the involved product at its retail establishment in Brooklyn. That the purchaser of the product saw fit to subsequently transport it elsewhere does not establish that the product was *sold* for consumption and use other than in the United States. The defendants point to no language in the policy which supports their construction of the subject provision as the only reasonable interpretation thereof *(see, York v Sterling Ins. Co., supra).* Accordingly, we conclude that the exclusion relied upon by the defendants is inapplicable and that the defendants are obligated under the policy to defend and indemnify the plaintiff. Niehoff, J. P., Kunzeman, Kooper and Sullivan, JJ., concur.