■ THOMAS CONNORS et al., Respondents, v HARTFORD FIRE INSURANCE COMPANY, Appellant, and JANET SCHWENGBER, as Executrix of ERNEST R. SCHWENGBER, Deceased, Respondent.—

Weiss, J. Appeal from an order of the Supreme Court (Klein, J.), entered January 21, 1987 in Ulster County, which, *inter alia*, denied defendant Hartford Fire Insurance Company's motion for summary judgment.

In May 1980, plaintiffs purchased a one-year homeowner's insurance policy from defendant Hartford Fire Insurance Company (hereinafter Hartford). The policy was in effect when, on December 17, 1980, the house which plaintiffs rented as their residence was damaged by fire. Thereafter, the owner commenced an action against plaintiffs for the property damage sustained. When Hartford subsequently refused to indemnify plaintiffs, they commenced this declaratory judgment action seeking a declaration that Hartford is required to both defend and indemnify. Finding that the policy afforded plaintiffs coverage, Supreme Court denied Hartford's motion for summary judgment. This appeal ensued.

We affirm. The subject policy provides general personal liability coverage for property damage as follows:

"COVERAGE E—PERSONAL LIABILITY

"This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence."
Hartford disclaims coverage primarily on the basis of exclusionary clause 2 (d):

"This policy does not apply * * *

"2. Under Coverage E—Personal Liability * * *

"d. to property damage to property occupied or used by the Insured or rented to or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control."
By its terms, the exclusion appears to eliminate coverage since plaintiffs unquestionably occupied the damaged premises. The exclusion, however, does not pertain where the damage occurs within the scope of clause 4 (d) in the "Supplementary Coverages" portion of the policy, which reads in its entirety as follows: "Property in Control of the Insured: Such insurance as is afforded under Coverage E—Personal Liability, applies to property damage to an insured premises and to house furnishings therein if such property damage arose out of fire, explosion, or smoke or smudge caused by sudden, unusual and faulty operation of any heating or cooking unit. Exclusion 2.d does not apply to this Supplementary Coverage"

(emphasis supplied). Hartford essentially maintains that supplementary coverage is available only where the damage results from the "sudden, unusual and faulty operation of any heating or cooking unit." Since the fire here apparently occurred when plaintiffs discarded ash from the wood stove near the outside wall of the house, Hartford concludes that coverage is not available.

Applying the rule of "last antecedent" *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 254), Supreme Court determined that the underscored phrase simply qualifies damage due to "smoke or smudge" and that a fire (or explosion), regardless of origin, is covered. We agree with the court's determination *(see, Martin v Bell,* 368 So 2d 600 [Fla]; *compare, Client's Sec. Fund v Grandeau,* 129 AD2d 383, 386). An insurance policy should be construed liberally in favor of the insured in full recognition of the underlying objective to provide coverage, not exclude it *(see, York v Sterling Ins. Co.,* 114 AD2d 665, 666, *affd* 67 NY2d 823). Unquestionably, one of the primary purposes of a homeowner's policy is to secure coverage against the risk of loss due to an on-premises fire. Here, the "perils" section of the policy specifically extends to damage resulting from "fire or lightning" or an "explosion". Grammatically, the supplementary clause is ambiguous, for the qualifying phrase can be read as modifying all the preceding nouns, including "fire", or as simply modifying "smoke or smudge" *(see, Martin v Bell, supra,* at 602). Given this ambiguity, the clause should be construed in favor of the insured *(see, Guardian Life Ins. Co. v Schaefer,* 70 NY2d 888, 890; *Martin v Bell, supra).* Under Hartford's construction, coverage would exist only in the limited instance where fire or similar damage resulted from a malfunction of a furnace or stove. The more plausible construction is that the qualifying language was intended to differentiate between compensable smoke and soot caused by an "occurrence" (as specified in coverage E, quoted above), and the gradual buildup or damage caused by furnace or cooking fumes, which is not compensable. Nor does this interpretation vitiate exclusionary clause 2 (d), which presumably would limit coverage in a variety of other situations, e.g., water and wind damage, falling trees, vandalism. Accordingly, we agree with Supreme Court that the policy extends coverage in an instance of on-premises fire damage.

Order affirmed, with one bill of costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.