■ N.J.B. SECURITY SERVICES, INC., Appellant-Respondent, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., et al., Respondents-Appellants.—In an action, *inter alia,* for a judgment declaring that the defendant National Union Fire Insurance Company of Pittsburgh, Pa., is obligated to defend the plaintiff under a contract of liability insurance, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered December 9, 1988, as denied those branches of its motion which were for summary judgment declaring that the defendant National Union Fire Insurance Company of Pittsburgh, Pa., is obligated to defend under the contract, and for damages resulting from that defendant's failure to defend; and the defendants cross-appealed from so much of the same order as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the plaintiff's motion for summary judgment and substituting therefor a provision granting the motion to the extent that it was for a declaration that the defendant National Union Fire Insurance Company of Pittsburgh, Pa., was obligated to defend under the contract and for an assessment of damages payable by that defendant; as so modified the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, the action against the remaining defendant is severed, and the matter is remitted to the Supreme Court, Westchester County, for an evidentiary hearing to assess the amount of damages payable to the plaintiff by the defendant National Union Fire Insurance Company of Pittsburgh, Pa., and, thereafter, for entry of an appropriate judgment in accordance herewith.

At all relevant times, the plaintiff N.J.B. Security Services, Inc. (hereinafter N.J.B.), provided security services pursuant to a contract it had entered into with the Sheraton Inn (hereinafter the Sheraton), located near La Guardia Airport in Queens County. In August 1985, a bus was stolen from the

parking lot of the Sheraton. An action was subsequently commenced by the owner of the bus against the Sheraton in the Federal District Court for the Southern District of New York, in which it was alleged, *inter alia,* that the Sheraton was negligent in failing to provide adequate security with regard to the bus. On or about March 1, 1988, the Sheraton served a third-party summons and complaint on N.J.B. alleging that it had breached its contract by negligently failing to provide adequate security services. The Sheraton sought contribution and/or indemnification.

Thereafter, N.J.B. promptly notified its insurance broker of the litigation and the defendant National Union Fire Insurance Company was provided with a copy of the third-party complaint. The defendant American International Adjustment Company, Inc. (hereinafter American International), the "duly authorized representative" of National, investigated the claim and obtained extensions of N.J.B.'s time to answer in the underlying action. On or about May 18, 1988, N.J.B. received a letter from American International disclaiming coverage under the policy and refusing to defend the Federal action. The disclaimer referred to the allegations in the third-party complaint that the damages resulted from the theft of a bus and noted that coverage for theft was excluded under a "Security Guard Provision Program" endorsement to the policy. This endorsement provided, in pertinent part, that "no coverage shall be provided for theft, robbery, mysterious disappearance, inventory shortage or inventory shrinkage".

Although the foregoing provision excludes coverage, *inter alia,* for "theft", the policy also included a "Special Coverage Extension Endorsement", for which N.J.B. paid additional premiums. The special endorsement deleted paragraph "K (3)" of the policy, which excluded coverage for damage to property in the "care, custody and control of the insured" and, in its place, substituted an endorsement entitled, "Errors and Omissions", affording coverage for bodily injury, personal injury and property damage attributable to "negligent acts, errors or omissions committed or alleged to have been committed by or on behalf of the named insured, its employees or agents while acting solely within the course of [its] duties [as a] security service". The policy also extended coverage to "all sums which the insured, by reason of contractual liability assumed * * * under any written contract * * * shall become legally obligated to pay as damages because of bodily injury or property damage".

Following receipt of the disclaimer letter, N.J.B. commenced

this action. After issue was joined, the plaintiff N.J.B. and the defendants National and American International moved for summary judgment, which motions were denied. This appeal and cross appeal ensued. Subsequently, as set forth in N.J.B.'s brief, the Federal action was settled. N.J.B. has now advised this court, both in its brief and at oral argument, that since it was not required to contribute towards the foregoing settlement, the only question to be resolved on appeal is whether National breached its duty to defend causing it to incur damages. We answer the foregoing question in the affirmative and grant summary judgment to the plaintiff N.J.B. on that issue.

It is well settled that, "[w]here an insurance policy includes the insurer's promise to defend the insured against specified claims as well as to indemnify for actual liability, the insurer's duty to furnish a defense is broader than its obligation to indemnify" *(Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310; *see also, Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 669; *Sturges Mfg. Co. v Mutual Ins. Co.,* 37 NY2d 69, 72). Moreover, "[t]he duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless these allegations might be" *(Baron v Home Ins. Co.,* 112 AD2d 391, 392; *see also, Seaboard Sur. Co. v Gillette Co., supra,* at 310). We have observed that, " 'when the issue is the appropriate construction or interpretation to be placed upon an exclusionary clause in a policy, the carrier must establish that its construction or interpretation of the policy is the *only* construction that can fairly be placed thereon' " *(Vinocur's Inc. v CNA Ins. Cos.,* 132 AD2d 543, 544, quoting *American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 276; *see also, York v Sterling Ins. Co.,* 114 AD2d 665, *affd* 67 NY2d 823; *Sincoff v Liberty Mut. Fire Ins. Co.,* 11 NY2d 386).

Further, "[i]t is also well-settled law that if the insurer is to be relieved of a duty to defend, it must demonstrate that the allegations of the underlying complaint place that pleading solely and entirely within exclusions of the policy and that the allegations are subject to no other interpretation" *(Baron v Home Ins. Co., supra,* at 392; *see, Vinocur's Inc. v CNA Ins. Cos.,* 132 AD2d 543, *supra).* The defendant National has failed to discharge this burden.

A review of the third-party complaint in the Federal action discloses allegations by the Sheraton that the plaintiff N.J.B. failed to exercise due care in providing security services to the

Sheraton and that by so doing, the plaintiff breached a contract pursuant to which these security services were to be supplied. When measured against the foregoing allegations, it cannot be said that the relevant provisions of the policy clearly relieved the defendant of any duty to defend the plaintiff N.J.B. *(see, National Cas. Ins. Co. v City of Mount Vernon,* 128 AD2d 332, 336).

Although the defendant claims that the "theft" exclusion should be construed so as to negate coverage under the circumstances, the foregoing construction is by no means the only interpretation of the relevant provisions fairly supported by the record *(see, Vinocur's Inc. v CNA Ins. Cos., supra; American Home Assur. Co. v Port Auth.,* 66 AD2d 269, *supra).* Especially significant in this respect are the provisions of the "Special Coverage Extension Endorsement". The special endorsement specifically deletes provision "K (3)", which excluded coverage for damage to property "in the care, custody and control of the insured", and additionally, affords coverage for "negligent acts, errors and omissions" alleged to have been committed by the insured in the course of its security service operations. In light of the foregoing extension of coverage, and considering the allegations made in the Federal action of negligence and breach of contract with regard to N.J.B.'s failure to adequately secure property entrusted to its care as provider of security services, we cannot say that the claim made by the Sheraton falls "solely and entirely" within the theft exclusion provision *(see, Baron v Home Ins. Co.,* 112 AD2d 391, 392, *supra).* Buttressing our conclusion in this respect is the fact that in support of its motion for summary judgment, the defendant originally relied, in part, upon the provisions of paragraph "K (3)" in arguing that coverage was excluded. It was only after the submission of the plaintiff's N.J.B.'s opposition papers that it was disclosed that the "Special Coverage Extension Endorsement" had, in fact, deleted this particular exclusion from the policy. We conclude, therefore, that defendant was obligated to defend and that by declining to do so, it breached the provisions of the policy.

Accordingly, the matter must be remitted for an assessment of damages incurred by the plaintiff N.J.B. in consequence of National's wrongful refusal to defend and, thereafter, for the entry of an appropriate judgment which shall include a declaration that the defendant National Union Fire Insurance Company of Pittsburgh, Pa., was obligated to defend the plaintiff N.J.B. Security Services, Inc., in connection with the third-party action (docket No. 87 Civ 6530) instituted against

it by Sheraton Hotel in the District Court for the Southern District of New York.

In light of our determination, we do not reach the parties' remaining contentions. Mangano, J. P., Lawrence, Kooper and Balletta, JJ., concur.