Connolly, J.
The plaintiff, National Union Fire Insurance Company of Pittsburgh, PA (“National Union”) moves for summary judgment against the intervenor defendant, Digital Equipment Corp. (“Digital”). Digital brings a cross motion for summary judgment against National Union.[1]
BACKGROUND
The parties have stipulated to many of the facts of this case, and the undisputed material facts are as follows:
Between May 1988 and June 1990, Digital contracted with Shield Guard to provide security guards for its warehouse in Athol, Massachusetts. Shield Guard employed Louis Buckman as a security guard, and assigned him to guard the Athol warehouse. During the course of his employment, Buckman and others stole merchandise from the warehouse, and then resold the stolen property.
*690 Digital sought compensation for its losses from Shield Guard. National Union provided insurance coverage for Shield Guard. The insurance policy was a third-party liability policy which provided coverage for loss or damage to property within Shield Guard’s care, custody, or control, thereby protecting the property guarded by Shield Guard in the course of their business.[2]
The policy provides coverage for the negligent acts of Shield Guard and its employees, pursuant to the following endorsement:
2. ERRORS AND OMISSIONS
THE COVERAGE AFFORDED BY THE POLICY (BODILY INJURY LIABILITY, PERSONAL INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY) SHALL APPLY TO NEGLIGENT ACTS, ERRORS OR OMISSIONS COMMITTED OR ALLEGED TO HAVE BEEN COMMITTED BY OR ON BEHALF OF THE NAMED INSURED, ITS EMPLOYEES OR AGENTS WHILE ACTING SOLELY WITHIN THE COURSE OF THEIR DUTIES IN THE CONDUCT OF THE NAMED INSURED’S SECURITY SERVICE OPERATIONS.
The policy also contains the following exclusion:
THEFT
NOT WITHSTANDING ANYTHING IN THE POLICY OR ENDORSEMENTS ATTACHED HERETO, TO THE CONTRARY, NO COVERAGE SHALL BE PROVIDED FOR THEFT, BURGLARY, ROBBERY, MYSTERIOUS DISAPPEARANCE, INVENTORY SHORTAGE OR INVENTORY SHRINKAGE. FURTHER, NO COVERAGE SHALL BE PROVIDED FOR ANY DIRECT OR CONSEQUENTIAL DAMAGE RESULTING FROM OR CONTRIBUTED TO BY ANY OF THE FORGOING.
After the thefts were discovered, National Union denied coverage for loss of property and lost profits, citing the theft exclusion.
National Union filed this declaratory judgment action as a result of the underlying action brought by Digital against Shield Guard.[3] The underlying action has been settled.
At issue in both the motion and cross motion for summary judgment is whether the theft exclusion provision of the policy is absolute and excludes coverage for any loss that involves theft. Digital asserts that the exclusion is not absolute. Digital argues that the theft was the result of the negligent hiring and supervision of Buckman, and therefore the loss was proximately caused by negligence, which is a covered risk under the policy.
For the purposes of this action, the parties have stipulated that the only issue to be tried by this court is whether the insurance policy extends or excludes coverage for the losses that occurred. They have also agreed that, for the present purposes, Shield Guard acted negligently, and this negligence proximately caused Digital’s losses.
DISCUSSION
Summary judgment shall be granted when there are no genuine issues of material fact and the moving parly is entitled to judgment as a matter of law. Good v. Commissioner of Correction, 417 Mass. 329, 332 (1994); Massachusetts Bay Transportation Authority v. Allianz Ins. Co., 413 Mass. 473, 476 (1992); Mass.R.Civ.P. 56(c). The moving party must demonstrate “by materials described in Mass.R.Civ.P. 56(c), unmet by countervailing materials, that the . . . [opposing party] has no reasonable expectation of proving an essential element of [his or her] case . . .” Brunner v. Stone & Webster Engineering Corp., 413 Mass. 698, 705 (1992). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts ...” LaLonde v. Eisner, 405 Mass. 207, 209 (1989). Establishing the absence of a triable issue requires the nonmoving party to respond by alleging specific facts demonstrating the existence of a genuine issue of material fact. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989).
In support of its motion for summary judgment, National Union argues that the theft exclusion is worded in plain, unambiguous language, and is therefore not subject to differing interpretations. The theft exclusion is absolute, and prevents recovery when any theft occurs, even if negligence was involved. In its cross motion for summary judgment, Digital asserts that the theft exclusion is ambiguous, and any ambiguity must be construed against the drafter. Digital further claims that the losses arose from the negligent acts of Shield Guard’s employees, and that it was rational for Shield Guard to interpret the policy to provide coverage for losses proximately caused by negligence.
In examining the policy exclusion, this court is required to construe the words of the policy in their usual and ordinary sense. Barnstable County Mutual Fire Ins. Co. v. Lally, 374 Mass. 602, 605 (1978). Insurance exclusions “are to be read literally, without poetic license — they are to be strictly construed.” Great Southwest Fire Ins. Co. v. Hercules Building & Wrecking Co., 35 Mass.App.Ct. 298, 302 (1993) (internal citations omitted).
An ambiguity in the policy will be found to exist if the language is susceptible of more than one meaning, and “reasonably intelligent persons would differ as to which one of two or more meanings is the proper one.” *691 Jefferson Ins. Co. of New York v. Holyoke, 23 Mass.App.Ct. 472, 474-75 (1987). The existence of a controversy between the parties does not itself create ambiguity. Id. at 475.
The court finds that the exclusion is not ambiguous, and it' absolutely excludes all losses that involve theft. The court is persuaded by the language at the end of the theft exclusion policy, which states that “no coverage shall be provided for any direct or consequential damage resulting from or contributed to by [theft].” In other words, if theft is a contributing cause, then the loss is excluded from coverage. This court interprets this provision to mean that if theft is merely one contributing cause, then coverage will be denied, even if theft is not the only cause which contributed to the loss.
Since the language in the exclusion is not ambiguous, the “train of events” test is not applicable here. Under the train of events principle, when an insurance policy excludes coverage for a particular event, and that event occurs, the insured may recover if the excluded event occurred as the inevitable result of a risk that was covered by the policy. Jussim v. Massachusetts Bay Insurance Co., 415 Mass. 24, 30 (1993); Standard Electric Supply Co., Inc. v. Norfolk & Dedham Mutual Fire Ins. Co., 1 Mass.App.Ct. 762, 766 (1974). However, this principle will not apply when the policy language clearly excludes a certain type of loss from coverage, regardless of other contributing causes. Hanover New England Ins. Co. v. Smith, 35 Mass.App.Ct. 417, 420 (1993); Jussim, supra at 30-31.
Here, the court finds that the policy language clearly excludes all losses which involve theft. In Jussim, the Supreme Judicial Court quoted language from the insurance policy in question that would have excluded the contested loss in that case.[4] The preamble to the policy’s exclusion section read: “We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.” Jussim, supra at 30-31. Although the language in the National Union policy is not as clear as that quoted in Jussim, it is sufficient to communicate clearly that any loss to which theft is a contributing factor is excluded from coverage. Since the language used in the policy in the instant case is unambiguous, the train of event test cannot be applied.
Digital argues that Hofing GMC Truck, Inc. v. Kay Wheel Sales Co., 543 F.Supp. 414 (E.D. Penn. 1982), which construed the theft exclusion in an insurance policy, applied the train of events test to an exclusion that was similar to the theft exclusion at issue here. The court is not persuaded by this assertion. The exclusion at issue in Hofing did not appear to include the exact same language as the theft exclusion at issue in this case. In particular, the exclusion did not contain the language that the court finds instrumental in the instant case, which excludes coverage for losses “contributed to by” theft. Id. at 418.
Nor is the court persuaded by N.J.B. Security Services, Inc. v. National Union Fire Ins. Co. of Pittsburgh. PA., 549 N.Y.S. 2d 145 (N.Y. App. Div. 1989) (finding that theft exclusion was ambiguous). There, the court found that the theft exclusion provision was ambiguous, but the exclusion at issue in N.J.B. is less clear than the theft exclusion in the case at bar.[5]
Although the theft exclusion here could have been phrased more clearly, the court finds that it is sufficiently clear to exclude coverage for the theft of Digital’s property. Accordingly, National Union’s motion for summary judgment will be ALLOWED, and the cross motion for summary judgment will be DENIED.
ORDER
For the foregoing reasons, the plaintiffs motion for summary judgment is hereby ALLOWED, and the defendant’s cross motion for summary judgment is hereby DENIED.

The other defendant, Shield Guard Service, Inc. (“Shield Guard”), is not a party to either of these motions.

This coverage was provided pursuant to the “Security Guard Program; Special Coverage Extension Endorsement," which deletes exclusion (k) (3) from the standard policy. If this exclusion was not deleted, then the insurance policy would not have provided coverage for property that Shield Guard was employed to guard.

Digital Equipment Corp. v. Shield Guard Service, Inc. MICV 92-2700-D.

In Jussim, the parties contested the meaning of a pollution exclusion, which was a part of the policy separate from the general exclusion section, and not preceded by the preamble quoted infra.

The theft exclusion in N.J.B. read in pertinent part: “no coverage shall be provided for theft, robbery, mysterious disappearance, inventory shortage or inventory shrinkage.” N.J.B., supra at 146. The court included only this language in its opinion.