COMMERCIAL UNION ASSURANCE COMPANY PLC, Sirius Insurance Company (U.K.) PLC, Northern Assurance Company Limited, The Indemnity Marine Assurance Company Limited, and The Ocean Marine Assurance Company Limited, Appellants,

v.

Arnulfo Flores SILVA, and Maria Calzoncin Cervantes and Gregorio Cervantes, Individually and as Legal Heir for the Use and Benefit of All Persons Entitled to Recover for the Wrongful Death of Humberto Javier Cervantes Calzoncin, Appellees.

No. 04–00–00536–CV.

Court of Appeals of Texas, San Antonio.

May 30, 2001.

Rehearing Overruled March 25, 2002.

Amy Nilsen, Harold K. Watson, Locke Liddell & Sapp, L.L.P., Houston, for Appellant.

Claudio Heredia, Eugene D. Stewart, Knickerbrocker, Heredia, Jasso & Stewart, Eagle Pass, for Appellee.

HARDBERGER, Chief Justice, RICKHOFF, and STONE, Justices.

RICKHOFF, Justice.

This appeal, which involves the interpretation of an insurance policy, is brought by Commercial Union Assurance Company PLC, Sirius Insurance Company (U.K.) PLC, Northern Assurance Company Limited, The Indemnity Marine Assurance Company Limited, and The Ocean Marine Assurance Company Limited (collectively, the defendants) from a bench trial verdict in favor of Francisca Silva, individually and as legal heir for the use and benefit of all persons entitled to recover for the wrongful death of Arnulfo Flores Silva, and Maria Calzoncin Cervantes and Gregorio Cervantes, individually and as legal heir for the use and benefit of all persons entitled to recover for the wrongful death of Humberto Javier Cervantes Calzoncin (collectively, the plaintiffs).

Defendants bring three issues on appeal: the trial court erred in (1) holding the policy provided coverage, (2) allowing plaintiffs' expert to testify about the meaning of the policy, and (3) refusing to apply res judicata to bar plaintiffs' claims. We agree that the policy does not provide coverage for the plaintiffs' claims; therefore, we reverse and render judgment in favor of the defendants.

## BACKGROUND

Non-party Texas Recreation Corporation ("TRC") is a Texas company that manufactures pool equipment. TRC contracted with TRC International to manufacture certain products in Mexico, and TRC provided equipment to TRC International, including heaters with open flames. The defendants were TRC's insurers. During the pendency of the insurance policy, a fire at the Mexico plant killed a number of employees, including plaintiffs' decedents. TRC made a demand on the defendants for defense and indemnity, and defendants denied coverage.

In 1992, plaintiffs filed a wrongful death action against TRC and TRC International in Maverick County, Texas district court. In May 1993, defendants sued TRC and plaintiffs in federal court, seeking a declaration of non-coverage in the wrongful death suit. Service was attempted on plaintiffs' lawyer, who refused service. In September 1993, TRC filed for bankruptcy protection. In January 1995, plaintiffs obtained a judgment against TRC. In September 1995, the federal court ruled that

defendants had no duty to defend or indemnify TRC. This judgment was later affirmed by the Fifth Circuit. In January 1996, TRC assigned to plaintiffs "any and all claims, demands, and causes of action they have against Defendants." In December 1997, plaintiffs sued the defendants in Maverick County district court to collect on the wrongful death judgment. After a bench trial, the court found in favor of plaintiffs and awarded judgment for the full amount of the insurance policy, plus prejudgment interest.

### "POLICY TERRITORY"

In their first issue on appeal, defendants assert the trial court erred in concluding that plaintiffs' claims in the wrongful death action arose within the "policy territory" as that phrase is used in the policy.

### The Policy

The policy applies "only to bodily injury or property damage which occurs within the policy territory." "Policy territory" is defined as "(1) the United States of America, its territories or possessions, or Canada, or (2) international waters or air space, provided the bodily injury or property damage does not occur in the course of travel or transportation to or from any other country, state, or nation, or (3) anywhere in the world with respect to damages because of bodily injury or property damage arising out of a product which was *sold for use or consumption within the territory described in paragraph (1)* provided the original suit for damages is brought within such territory...." (Emphasis added.)

The trial court found that a "reasonable construction of the definition of 'policy territory' is that both prepositional phrases modify the verb 'sold' such that worldwide coverage applies if the product was (1) sold for use or consumption and (2) sold within the territory described in paragraph (1)."

The court also found that "[c]onstruing the definition of 'policy territory' to require that the use or consumption of the product occur within the United States would be contrary to the clear intent of the policy to expand coverage for bodily injury claims arising from a products hazard." Defendants contend this interpretation is incorrect. Defendants assert the policy covers only products intended for use or consumption in the United States. Therefore, defendants conclude, an accident occurring in Mexico arising out of a product intended for use in Mexico is not within the "policy territory," and thus not covered.

### Rules of construction

Insurance contracts are subject to the same rules of construction as other contracts. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex.1995); *National Union Fire Ins. Co. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex.1995); *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex.1994). Our primary goal, therefore, is to give effect to the written expression of the parties' intent. *Beaston*, 907 S.W.2d at 433; *Forbau*, 876 S.W.2d at 133. We must read all parts of the contract together, *Beaston*, 907 S.W.2d at 433, striving to give meaning to every sentence, clause, and word to avoid rendering any portion inoperative. *United Serv. Auto. Ass'n v. Miles*, 139 Tex. 138, 161 S.W.2d 1048, 1050 (1942).

Whether an insurance policy is ambiguous is a legal question decided by examining the entire contract in light of the circumstances present when the parties entered into the contract. *State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex.1998). A policy is not ambiguous, as a matter of law, if the court can give it a definite legal meaning. *Id.* An ambiguity does not arise simply because the parties advance conflicting interpreta-

tions. *Forbau,* 876 S.W.2d at 134. A contract is ambiguous if, after applying these rules, it is subject to two or more reasonable interpretations. *National Union,* 907 S.W.2d at 520. If the policy is subject to more than one reasonable interpretation, we must adopt the construction most favorable to the insured when we resolve the uncertainty. *Vaughan,* 968 S.W.2d at 933. Where an ambiguity involves an exclusionary provision of an insurance policy, we "must adopt the construction . . . urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent." *National Union Fire Ins. Co. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991). An insurer who relies on an exclusion carries the burden to prove that it applies. TEX. INS.CODE ANN. art. 21.58(b) (Vernon Supp.2001).

### Analysis

■ Plaintiffs argue that the definition of "policy territory" places two limitations upon the insured's actions in selling its product in order for coverage to exist for product claims arising outside the country. The first limitation, on the nature of the sale, requires that the product must be "sold for use or consumption." The second limitation, on the location of the sale, requires that the sale occur within the United States, its territories or possessions, or Canada. Plaintiffs conclude that "within the territory described" modifies both "sold" and "for use and consumption." We disagree.

Plaintiffs' reading grammatically strains the language, because it reads the adverbial phrase as modifying the distant verb "sold" rather than the prepositional phrase "for use or consumption" immediately preceding it. Moreover, this reading renders "for use or consumption" as surplusage, as there would be coverage for any sale in the United States or Canada, regardless of where the product sold was used or consumed. Therefore, we hold that the policy is not ambiguous and the phrase "within the territory described" modifies "for use or consumption" and not "sold." *See generally Atlantic Mutual Ins. Co. v. Truck Ins. Exch.,* 797 F.2d 1288 (5th Cir.1986); *Vinocur's Inc. v. CNA Ins. Co.,* 132 A.D.2d 543, 517 N.Y.S.2d 277 (N.Y.App.Div.1987).[1] Here, the products were sold for use in the manufacturing plant operated by T.R.C. International S.A. de C.V. in Mexico; thus, the policy does not provide coverage for plaintiffs' claims.

### CONCLUSION

Because we hold that the policy does not provide coverage for the plaintiffs' claims, we do not address defendants' second and third issues on appeal. We reverse the trial court's judgement and render a take-nothing judgment in favor of the defendants.

---

1. The common thread running through these cases is that the court focused on where the product was intended to be used: in *Atlantic Mutual,* the product (although ultimately shipped abroad) was intended to be used in the U.S.; in *Vinocur's,* the product (although ultimately shipped abroad) was sold for use in the United States.