H.S. "Gus" EDWARDS et al.,
Petitioners,

v.

LONE STAR GAS COMPANY, A DIVISION OF ENSERCH CORPORATION, Respondent.

No. C–8558.

Supreme Court of Texas.

Jan. 3, 1990.

Rehearing Denied Feb. 7, 1990.

William P. Pannill, Bertrand C. Moser, Joseph W. Pueschner, Houston, Frank Douglass, Austin, for petitioners.

Clint Adams, Dallas, Alfred H. Ebert, Jr., Lawrence A. Bellatti, Richard T. Boone, Gregg C. Laswell, Houston, for respondent.

SPEARS, Justice.

At issue is the proper price to be paid under two gas purchase contracts. H. S. "Gus" Edwards, the gas producer, sued Lone Star Gas Company, the pipeline, alleging that Lone Star had breached the contracts by failing to pay monthly price escalations as part of a redetermined contract price and by failing to reimburse Edwards for state severance taxes. The trial court granted summary judgment in favor of Edwards for damages in the amount of the monthly price escalations but denied Edwards any reimbursement for severance taxes. The court of appeals reversed the trial court's judgment and rendered a take-nothing judgment against Edwards. 769 S.W.2d 568. We reverse the judgment of the court of appeals and affirm that of the trial court.

The price redetermination provisions of each contract are identical and read, in pertinent part, as follows:

Seller may request a redetermination of the price payable hereunder by Seller giving Buyer written notice of Seller's desire for a price redetermination not less than sixty (60) days immediately preceding the end of (i) the first six (6) months after the date of first delivery and (ii) *annually* thereafter during the term of this Contract. It is agreed that *the redetermined price* per MMBtu for such gas *shall be equal to the highest*

*price* per MMBtu *to be paid as of the first day of the period for which the redetermined price will be effective* by a bona fide intrastate pipeline company for gas produced in Railroad Commission Districts 8 and 8A in the State of Texas under the terms of a contract of at least three (3) year term in effect at the time the redetermined price is to become effective.... (emphasis added)

We conclude that this contractual provision is unambiguous, and the construction of an unambiguous contract presents a question of law for the court. *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983).

The Edwards–Lone Star contracts were executed in 1975. In 1978, Congress enacted the Natural Gas Policy Act. 15 U.S.C. §§ 3301 *et seq.* This Act imposed price ceilings on intrastate contracts for the sale of natural gas; however, it also authorized the Federal Energy Regulatory Commission to adjust the price ceiling each month for inflation. 15 U.S.C. §§ 3312, 3315.

■ After the enactment of the Natural Gas Policy Act, gas purchase contracts paying the highest price conformed to the maximum lawful price provided under the Act and included the monthly adjustments. In 1980 and each year thereafter, Edwards requested that the price be redetermined by reference to other contracts in which the price incorporated monthly adjustments. Lone Star, however, refused to include monthly adjustments as part of the redetermined price and instead paid Edwards a flat rate equal to the dollar amount that was actually paid under the referenced contracts at the time of the redetermination.

There is nothing in the contracts to require that the term "price" be construed as a flat rate or as a static number. For the "price" to be a fluctuating value is neither prohibited by nor inconsistent with the contracts' terms. What the parties agreed is that price redeterminations would be made by reference to the highest price in third-party contracts. Under these third-party contracts, the "price" for natural gas was set at a fluctuating value and included monthly adjustments in accordance with federal regulations. Edwards is entitled to the same "price" as is set forth in the referenced third-party contracts and is therefore entitled to the monthly adjustments.

The court of appeals focused on the contracts' provision for "annual" redeterminations and concluded that this was inconsistent with the concept of monthly adjustments. In doing so, the court of appeals distinguished this case from the case of *Enserch Corp. v. Houston Oil & Minerals Corp.,* 743 S.W.2d 654 (Tex.App.—Houston [1st Dist.] 1987, writ denied) by ·stating that, in *Enserch,* the contract did not specify "annual" redeterminations. In this regard, the court of appeals was incorrect. With a very similar price redetermination clause, the *Enserch* contract also provided for redeterminations "annually." Yet, the court construed the Enserch contract as allowing for monthly adjustments if the adjustments were part of the price in the referenced third-party contracts. Moreover, we note that the Edwards–Lone Star contracts provide only that the price will be "redetermined" on an annual basis, not that it will be fixed at a sum certain once a year. There is no inconsistency between an annual price redetermination and a redetermined price that allows for fluctuation in accordance with federal regulatory standards.

We hold that, under the Edwards–Lone Star contracts, the reference to the highest price to be paid in other contracts incorporates the price fluctuations that occur under those contracts. Therefore, Edwards is entitled to receive a redetermined price that includes the monthly adjustments.

■ Edwards also contends that the redetermined price should include reimbursement for severance taxes because one of the referenced third-party contracts included a severance tax allowance. However, to construe the price redetermination provision to allow for tax reimbursement would be contrary to the plain language of the contract. The parties expressly agreed that Edwards would pay all taxes including state severance taxes and that Lone Star would reimburse Edwards only for new or

increased taxes that were imposed after the execution of the contracts. Therefore, under the specific terms of the contracts, Edwards is not entitled to any reimbursement for severance taxes so long as the taxes are at or below the rate levied at the time the contracts were executed. *See also Enserch*, 743 S.W.2d at 658.

We have considered Edwards' remaining points of error which involve litigation expenses, and we conclude that these points are without merit. We reverse the judgment of the court of appeals and affirm that of the trial court.

DOGGETT, J., not sitting.