**STATE FARM FIRE AND CASUALTY COMPANY, Petitioners,**

v.

**Durwood VAUGHAN and Shellie Vaughan, Individually and a/n/f of D.D. V., a Minor, Respondents.**

**No. 97–0883.**

Supreme Court of Texas.

May 8, 1998.

---

Jack McKinley, Houston, for Petitioners.

David A. Slaughter, Houston, for Respondents.

PER CURIAM.

We consider, in this case, whether State Farm's standard homeowners insurance policy's business pursuits provision excludes coverage for the Vaughans' claims arising out of the operation of an in-home day care service. We hold that it does and reverse the court of appeals' judgment, 950 S.W.2d 205, and render judgment that the Vaughans take nothing.

Cynthia Solis operated a licensed child care facility in her home. Solis had a standard homeowners insurance policy that State Farm issued. One day, while purportedly caring for the Vaughans' infant son, Solis strapped him into a car safety seat, placed him in a closet, and threw a blanket over his head. Solis then left her home, leaving the Vaughans' child and other children unattended. Later, Galveston County Constable Officers discovered the abandoned children. Upon questioning, Solis confessed to leaving the children unattended. She was arrested and later convicted of child endangerment.

The Vaughans sued Solis seeking damages for emotional distress. State Farm refused to defend or indemnify Solis against the Vaughans' suit, asserting that the claims were excluded from coverage because they arose from a "business pursuit." The Vaughans tried their suit against Solis to the bench on stipulated evidence. The trial court rendered judgment for the Vaughans for $50,000 against Solis.

The Vaughans then sued State Farm claiming that State Farm was contractually obligated to pay the judgment against Solis. State Farm moved for summary judgment asserting that the business pursuits exclusion in Solis' homeowners policy barred coverage for the Vaughans' claims. The business pursuits exclusion in Solis' policy excludes coverage for: "bodily injury or property damage arising out of or in connection with a business engaged in by an insured." An accompanying exception states that: "this exclusion does not apply to activities which are ordinarily incidental to non-business pursuits."

The Vaughans argued that because the business pursuits exclusion is subject to more than one reasonable interpretation, Solis' policy is ambiguous, precluding summary judgment. The Vaughans further argued that because in-home child care is an activity

ordinarily incidental to a nonbusiness pursuit, their claims against Solis fell within the exception to the business pursuits exclusion. The trial court granted summary judgment for State Farm on the ground that the business pursuits exclusion barred coverage. The court of appeals reversed the trial court's summary judgment and remanded the case to the trial court.

In a motion for summary judgment, the movant must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Reilly v. Rangers Mgt., Inc.,* 727 S.W.2d 527, 529 (Tex.1987). Whether a contract, like an insurance policy, is ambiguous is a legal question decided by examining the entire contract in light of the circumstances present when the parties entered the contract. *See Trinity Universal Ins. Co. v. Cowan,* 945 S.W.2d 819, 821–23 (Tex.1997); *Reilly,* 727 S.W.2d at 529. A policy is unambiguous, as a matter of law, if the court can give it a definite legal meaning. *See National Union Fire Ins. Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex.1995); *Reilly,* 727 S.W.2d at 529. On the other hand, if a policy is subject to more than one reasonable interpretation, we must adopt the construction most favorable to the insured when we resolve the uncertainty. *See State Farm Fire & Cas. Co. v. Reed,* 873 S.W.2d 698, 699 (Tex.1993); *National Union Fire Ins. Co. v. Hudson Energy Co.,* 811 S.W.2d 552, 555 (Tex.1991). But not every difference in interpretation of a contract or an insurance policy amounts to an ambiguity. *See Reed,* 873 S.W.2d at 699 n. 3; *Forbau v. Aetna Life Ins. Co.,* 876 S.W.2d 132, 134 (Tex.1994). Here, we must decide whether more than one reasonable interpretation exists about Solis' policy's business pursuits exclusion. We focus on the Vaughans' allegations against Solis and determine whether the actual activity creating liability was ordinarily incident to a nonbusiness pursuit. *See Reed,* 873 S.W.2d at 701 n. 7.

The undisputed summary judgment evidence establishes that Solis operated a full-time, for–profit, state-regulated residential child care business. Indeed, the homeowners policy's business pursuits exclusion does not apply unless the insured is engaged in a business pursuit. *Cf. Reed,* 873 S.W.2d at 704 n. 4 ("Certainly such activities as part-time babysitting by teenagers for a neighbor's child, even while compensated, would not fall into the same category as Ms. Reed's full-time business.")(Phillips, C.J., dissenting). Because there are no disputed facts about whether Solis' inhome operation was a business pursuit, the business pursuits exclusion or its exception applies. Accordingly, we decide the coverage issue as a matter of law. *See Reilly,* 727 S.W.2d at 529.

The court of appeals agreed with State Farm's contention that *Reed* is limited to applying the policy's business pursuits exclusion and exception in a particular context. But the court of appeals nevertheless concluded that *Reed* "invariably stands for the proposition that, in the context of home child care, the 'business pursuits' exclusion and exception are ambiguous...." 950 S.W.2d at 208. The Vaughans contend that *Reed* controls and the court of appeals correctly held that the policy is ambiguous and properly reversed the trial court's summary judgment for State Farm.

In *Reed,* a child crawled through a fence that separated a play area from the Reeds' swimming pool and drowned in a puddle of water on a tarp covering the pool. *See Reed,* 873 S.W.2d at 698. The child's parents sued the Reeds, the child's in-home day care provider, for the child's wrongful death. The Reeds asked their insurance carrier, also State Farm, to defend them under their homeowners insurance policy. State Farm defended the Reeds under a reservation of rights. After a bench trial, the court rendered judgment against the Reeds for $480,-000. *See Reed,* 873 S.W.2d at 699. When State Farm refused to indemnify the Reeds, they filed a declaratory judgment suit against State Farm. *See Reed,* 873 S.W.2d at 699. The trial court granted summary judgment for the Reeds and the court of appeals affirmed the trial court.

We considered, under the facts in *Reed,* whether claims involving full-time, for-profit, in–home child care are excluded as a business pursuit or whether the policy exception applied because the complaints were about

**934**

conduct ordinarily incidental to a nonbusiness pursuit. *See Reed,* 873 S.W.2d at 699. In doing so, we analyzed views from other jurisdictions. We observed that some courts simply focused on the "ongoing nature and profit aspect" of in-home child care. *Reed,* 873 S.W.2d at 700. These courts concluded that the business exclusion always applied regardless of the specific activity that actually created the liability. *See Reed,* 873 S.W.2d at 700 (citations omitted). We noted that other courts concluded it was difficult to conceive of an activity more ordinarily incident to a nonbusiness pursuit than home care of children. The criticism of this view is that it is too broad because the ordinarily incident to nonbusiness pursuits exception swallows the business pursuits exclusion, at least in the context of child care. *See Reed,* 873 S.W.2d at 700 (citations omitted).

We rejected both views. *See Reed,* 873 S.W.2d at 700. We also cautioned against reaching conclusions that appeared "contrived" by trying to give effect to the exclusion yet focusing too closely on the particular injury-causing activity. *Reed,* 873 S.W.2d at 700. However, rather than adopt a per se rule for or against coverage in all instances, we focused on the specific allegations against the Reeds. *See Reed,* 873 S.W.2d at 701 n. 7. Thus, as State Farm argues, if read in context, *Reed* does not establish a per se rule that the business pursuits exclusion is ambiguous in the context of in-home child care for remuneration.

In deciding whether a homeowners insurance policy excludes coverage for the insured's business pursuits, we focus on the actual activity creating liability. *See Reed,* 873 S.W.2d at 701 n. 7. In *Reed,* we held that an activity like maintaining a fence around a swimming pool was "ordinarily incidental to non-business pursuits," and was therefore covered despite the fact that the incident occurred at the home of a paid child care provider. *Reed,* 873 S.W.2d at 701 n. 7. Thus, *Reed* requires a basis of liability that is ordinarily incidental to nonbusiness pursuits.

The Vaughans' petition and the stipulated facts from their suit against Solis show that Solis' alleged negligence was leaving the child completely unsupervised while being paid to care for the child at her in-home day care business. The Vaughans' complaints focus specifically on the way Solis conducted her business pursuit. Unlike *Reed,* the way Solis conducted her "business pursuit" *is* the litigation's focus. Therefore, we conclude that the business pursuits exclusion in Solis' homeowners policy applies to the Vaughans' claim. *See Reed,* 873 S.W.2d at 700–01.

We conclude that the business pursuits exclusion in Solis' policy is not ambiguous when focused on the actual activity the Vaughans allege created Solis' liability. Accordingly, we conclude that the trial court properly granted summary judgment for State Farm. Therefore, we grant State Farm's petition for review and, without hearing oral argument, reverse the court of appeals' judgment and render judgment for State Farm that the Vaughans take nothing. TEX.R.APP. P. 59.1.