## UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

_____

No. 99-11007
Summary Calendar

_____

WESTERN WORLD INSURANCE CO., INC.,

Plaintiff-Appellee,

VERSUS

COUNTRY PLACE ADOLESCENT RESIDENTIAL TREATMENT CENTER, INC., ET AL,

Defendants,

S. DOE, individually and as next fried of A. DOE, a minor; C. ROE, individually and as next friend of F. ROE, a minor; P.R., individually and as next friend of S.R., a minor; ALEX TANNER, individually and as next friend of P.A.T., a minor; BRENDA D. TANNER, individually and as next friend of P.A.T., a minor,

Defendants-Appellants.

_____

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division
(3:98-CV-2775-H)
_____

March 8, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendants appeal the district court's order denying their motion for summary judgment and granting summary judgment for the plaintiff, Western World Insurance Company, Inc. ("Western"), in this declaratory judgment action. The order declared that Western had no obligation to defend or indemnify its insured, The Country

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Place Adolescent Residential Treatment Center ("Country Place"), against the lawsuits filed by the defendants.  For the reasons that follow, we affirm.

I.

The underlying facts are not in dispute.  Country Place operated a treatment and education facility for troubled youths. In February 1997, Country Place transported several boys to a maximum security prison as part of a "Scared Straight" program. The boys were verbally harassed and threatened by the inmates. They were then taken to the unit in which homosexual inmates were allegedly housed, and were told not to respond to the inmates' abuse.  At the direction of Country Place employees, the inmates were released from their cells and allowed access to the boys. While in the presence of the Country Place employees and prison guards, inmates forced the boys to watch and participate in acts of sexual misconduct.  Afterwards, the boys were taken on a camping trip which included a "trust walk."  The walk included blindfolding the boys and forcing them to walk into the woods, running into trees, branches, and each other.  The walk was intended to punish and deter the boys from reporting the events that occurred at the prison.  Several suits were filed on behalf of the boys, alleging negligence on the part of Country Place.

Country Place and Western World had entered into an insurance contract providing coverage for bodily and other injuries caused by an "occurrence" or "professional incident."  The policy contained

2

a "Sexual Action Exclusion" from coverage.[1]  Western filed this declaratory judgment action against Country Place and the defendants herein.  Country Place defaulted.

In its order granting Western's motion for summary judgment, the district court found that, although there was no "occurrence" under the policy, there was a "professional incident."  However, it also found that the Sexual Action Exclusion excluded the defendants' lawsuits from coverage under the policy.

On appeal, defendants argue that there was an "occurrence" under the policy and that the sexual action exclusion is inapplicable.  They seek a reversal of the district court's order and entry of summary judgment in their favor.

## II.

We review an appeal from summary judgment de novo. Christopher Village, Limited Partnership v. Retsinas, 190 F.3d 310, 314 (5th Cir. 1999).  The insurer bears the burden of proving that policy exclusions apply to bar coverage.  American States Ins. Co. v. Bailey, 133 F.3d 363, 369 (5th Cir. 1998).

Under Texas law, exceptions and limitations in an insurance policy are strictly construed against the insurer.  Id.  If the insurance contract is ambiguous and subject to more than one reasonable interpretation, the interpretation that most favors

---

[1]The Sexual Action Exclusion states the following:
"It is agreed that no coverage exists for claims or suits brought against any insured for damages arising from sexual action.  Sexual action includes, but is not limited to, any behavior with sexual connotation or purpose – whether performed for sexual gratification, discrimination, intimidation, coercion or other reason.
It is further agreed that this exclusion applies even if an alleged cause of the damages was the insured's negligent hiring, placement, training, supervision, act, error or omission."

coverage for the insured must be adopted. <u>State Farm Fire & Cas. Co. v. Vaughan</u>, 968 S.W.2d 931, 933 (Tex. 1998). Whether a contract is ambiguous is a question of law that must be decided by examining the entire contract in light of the circumstances present when the contract was formed. <u>Id</u>. "[W]here the language of an insurance contract is plain, it must be enforced as made." <u>Republic Nat'l Life Ins. Co. v. Spillars</u>, 368 S.W.2d 92, 94 (Tex. 1963).

### III.

Defendants make two arguments in support of their contention that the insurance policy's sexual action exclusion is inapplicable. They contend that the exclusion is clear and unambiguous in favor of coverage, or in the alternative, that the exclusion is ambiguous and must be construed in favor of coverage.

Defendants first argue that the exclusion is unambiguous and applies only to sexual action by the insured or its employees; thus, sexual action by the inmates does not trigger the exclusion. However, "[t]he exclusion establishes very broad parameters for acts that fall within its [scope]...."[2] "[A] broadly worded 'sexual abuse' exclusion is not to be narrowly construed...." <u>American States</u>, 133 F.3d at 370. As the district court correctly found, the "plain language of the exclusion does not in any way limit it to sexual action performed by employees or agents of the insured." Also, the language of the second paragraph includes negligence, "error or omission" by the insured as the cause of the

---

[2] <u>American States</u>, 133 F.3d at 370 (interpreting an identical sexual action exclusion based on the following language: "Sexual action includes, but is not limited to...").

4

sexual action; this does not preclude the potential of a non-employee perpetrator of the sexual action.[3]  In fact, this court has found that an identical exclusion barred coverage for claims against non-perpetrators for the sexual actions of another.  See American States, 133 F.3d at 370.[4]

The exclusion precludes coverage for damages claims against the insured "arising from" sexual action.  When used in an insurance policy, these words have a broad meaning.  American States, 133 F.3d at 370.  They mean "originating from," "growing out of," or "flowing from," and require only that a claim bear an "'incidental relationship' to the excluded injury for the policy's exclusion to apply."  Id.  Here, the alleged damages arise from acts of sexual misconduct at the prison.  As the district court found, damages from the "trust walk" are also excluded from coverage under the "arising from" language because, according to the petition, the walk was done to deter reporting of the sexual misconduct at the prison.

Next, defendants argue, in the alternative, that the sexual action exclusion is ambiguous; thus, it must be construed in favor of coverage.  The language of the exclusion is not ambiguous.  Examination of the exclusion in the context of the entire contract does not change this result.  The mere fact that there is a dispute between the parties regarding coverage is insufficient to create an

---

[3]Further, the "even if" language of the second paragraph indicates that the paragraph is simply an addition to the first one, rather than a limit on the scope of the exclusion.

[4]Although the perpetrator of the sexual action in American States was also an employee of the insured, the court's interpretation of the sexual action exclusion was not dependant on that fact.

ambiguity.  See Canutillo Indep. Sch. Dist. v. National Union Fire Ins. Co., 99 F.3d 695, 708 n.15 (5th Cir. 1996).

The sexual action exclusion precludes coverage for "claims brought against any insured" for damages "arising from sexual action," and it contains no requirement that the perpetrator have been the insured's employee or agent.  We are required to enforce the exclusion as written.  See Republic, 368 S.W.2d at 94.

Defendants also argue that there was an "occurrence" within the meaning of the policy.  Having found that the sexual action exclusion applies to this case, we need not address this issue.

IV.

The unambiguous language of the sexual action exclusion precludes coverage in this case, and we are required to enforce it.  Thus, we AFFIRM the order of the district court granting summary judgment in favor of Western in its declaratory judgment action.