NO. 07-03-0443-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 28, 2005

_____

PYRAMID CONSTRUCTORS, L.L.P., APPELLANT

V.

SUNBELT CONTROLS, INC., APPELLEE

_____

FROM THE 58TH DISTRICT COURT OF JEFFERSON COUNTY;

NO. A168566; HONORABLE JAMES MEHAFFY, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Pyramid Constructors, L.L.P., appeals a summary judgment awarding money damages to Sunbelt Controls, Inc., in a dispute over the terms of a written contract between the parties. We will affirm the judgment.

Pyramid entered a contract with Port Neches-Groves Independent School District ("PNG ISD") to construct additions and improvements to Port Neches-Groves High School. Pyramid contracted with Sunbelt to install the heating, ventilation and air-conditioning portion of the work. The subcontract allowed Pyramid to withhold retainage from each payment made to Sunbelt. Sunbelt completed its work under the subcontract in or about January of 2000 and sent Pyramid a final bill for retainage, totaling $48,110.00.

Pyramid completed its work on the high school in May of 2000 and submitted an invoice for accumulated retainage held by PNG ISD. Because of a dispute between Pyramid and PNG ISD, the school district refused to release a portion of the retainage. Pyramid, in turn, withheld a portion of the retainage due to all the project subcontractors on a pro rata basis.[1] Sunbelt filed suit against Pyramid to recover the balance due under the subcontract. After Sunbelt filed a traditional motion for summary judgment, and Pyramid responded, the trial court granted the motion without a hearing. The court ordered Pyramid to pay $65,310.00, which included the amount of retainage due, interest and attorney's fees. It is this judgment Pyramid appeals.

In a separate action, Pyramid filed suit against PNG ISD over the unpaid retainage. PNG ISD filed counterclaims, alleging construction defects. The counterclaims were settled in mediation,[2] leaving Pyramid's claim for the unpaid retainage unresolved. Following the

---

[1]Pyramid submitted an invoice for $610,371.50 in accumulated retainage. PNG ISD paid $400,000.00 of that amount leaving a balance due of $210,371.50. The subcontractors on the project were each paid a pro rata portion of the $400,000.00 received by Pyramid.

[2]The mediation settlement agreement indicates Pyramid agreed to pay PNG ISD $900,000 in settlement of the school district's claims.

mediated settlement, Pyramid renewed its demand on PNG ISD for payment. The record before us does not reflect further activity in that suit.

We apply the well-established standards for reviewing a summary judgment. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). In Sunbelt's motion for summary judgment, it contended that it had completed all work required under its subcontract with Pyramid, and was entitled to recover the remaining funds due under the subcontract. It argued that the subcontract placed the risk of nonpayment by the school district on Pyramid and not with the subcontractor.

Pyramid presents four points of error to support its contention that the trial court erred in granting summary judgment in favor of Sunbelt, contending: (1) as a matter of law it is not required to pay Sunbelt until Pyramid is paid the retainage by PNG ISD; (2) there exist genuine issues of material fact as to whether Pyramid is yet indebted to Sunbelt; (3) because Pyramid has found it necessary to sue PNG ISD to obtain the retainage, Pyramid is entitled to subtract the attorney's fees and expenses incurred in that suit from the amount due Sunbelt; and (4) it is "manifestly unfair and unjust" to hold Pyramid responsible for PNG ISD's refusal to honor its contractual obligations. Because points one and two are closely intertwined, they will be addressed together.

Pyramid first argues that under the terms of the contract Sunbelt specifically assumed the risk that PNG ISD would not pay Pyramid and as a result, Pyramid is not required to pay Sunbelt until it receives payment from PNG ISD. Construction of an

unambiguous contract[3] is a matter of law for the court. *Edwards v. Lone Star Gas Co., a Div. of Enserch Corp.*, 782 S.W.2d 840, 841 (Tex. 1990); *CU Lloyd's of Tex. v. Hatfield*, 126 S.W.3d 679, 684 (Tex.App.–Houston [14th Dist.] 2004, pet. denied). In construing the terms of a written contract, the court's primary concern is to ascertain the true intentions of the parties as expressed in the instrument. *J. M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003); *Coker v. Coker,* 650 S.W.2d 391, 394 (Tex. 1983). To do so, we must consider the entire writing, seeking to harmonize and give effect to all its provisions so that none are rendered meaningless. *Davidson*, 128 S.W.3d at 229.

The parties' arguments focus on this language from the subcontract: "All payments to Subcontractor [Sunbelt] shall be made by Pyramid solely out of funds actually received by Pyramid from Owner [PNG ISD]. Subcontractor acknowledges that it is sharing to the extent of payments to be made to Subcontractor in the risk that Owner may fail to make one or more payments to Pyramid for all or a portion of Subcontractor's work with the sole exception that if Owner fails to pay Pyramid on account of default solely attributable to Pyramid under that contract between Owner and Pyramid, and not partially due to an act or omission of Subcontractor, then such payment shall be nevertheless due from Pyramid to Subcontractor."

Pyramid contends the contract's "pay when paid" language specifically places on Sunbelt the risk of PNG ISD's refusal to pay the retainage, making Pyramid's receipt of

---

[3]A contract is not ambiguous if it can be given a definite or certain meaning as a matter of law. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). Neither party contends the subcontract is ambiguous, and we agree it is not.

funds from the school district a condition precedent to its obligation to pay Sunbelt. It relies on *Sheldon L. Pollack Corp. v. Falcon Industries, Inc.*, 794 S.W.2d 380, 383-84 (Tex.App.–Corpus Christi 1990, writ denied) and *Gulf Construction Co., Inc. v. Self*, 676 S.W.2d 624, 628 (Tex.App.–Corpus Christi 1984, writ ref'd n.r.e.). Sunbelt, also relying on *Gulf Construction*, contends the language does not create a condition precedent, but only a covenant dealing with the terms of payment or manner of payment. We do not find it necessary to determine if the provisions create a condition precedent or a covenant because we find the contract's language providing a "sole exception" to the "pay when paid" provisions is applicable under the undisputed facts.

Pyramid argues the contract's exception language cannot properly form the basis for summary judgment for Sunbelt because no "default solely attributable to Pyramid" has been shown. Pyramid reads the exception to require that Sunbelt establish Pyramid was in default under its contract with PNG ISD to be entitled to payment. Because Sunbelt has not shown (and cannot show, in Pyramid's view) that PNG ISD has "legally valid reasons" to withhold payment of the retainage, Sunbelt has not met the contract's condition for payment. Pyramid asserts the school district never had valid reasons for refusing to pay the remaining retainage, and argues that any doubt about the invalidity of the district's reasons was removed when it released Pyramid from its claims following the mediation.[4]

_____

[4]Pyramid acknowledges that the parties agree on the reasons why the school district did not pay Pyramid all the retainage. Pyramid explains that the school district's only excuses for not paying the entire amount of the retainage were that two warranty items remained to be completed and a flooring contractor had not delivered a release of lien document. The record reflects that neither of the warranty items involved Sunbelt. Although the record contains references to other complaints later raised by the school district, including a reference to mold in return air ducts in the school, we agree the record

It insists that the school district's simple refusal, without justification, to pay its debt is "the exact risk" that Sunbelt assumed under the subcontract.

We agree with Sunbelt that Pyramid's construction of the subcontract language, requiring Sunbelt to prove, as a condition of its own entitlement to payment under these circumstances, that Pyramid was in actual default under its contract with the school district, is not a reasonable construction. Pyramid's reading inserts into the contract a requirement that the school district's failure to pay Pyramid must have been justified because of Pyramid's default. The language contains no such requirement.[5] The exception is invoked if the school district "fails to pay Pyramid *on account of* default solely attributable to Pyramid under that contract between [PNG ISD] and Pyramid, and not partially due to an act or omission of [Sunbelt]" (emphasis added). The undisputed evidence is that the school district failed to pay the remaining retainage to Pyramid because it contended there was a failure of performance under its contract with Pyramid, and no act or omission of Sunbelt was involved. Under the unambiguous language of the subcontract, on those facts, payment was "nevertheless" due Sunbelt.

By its second point of error, Pyramid contends there is a genuine issue of material fact whether Pyramid was in default under its contract with PNG ISD. Since, as we read

---

is undisputed concerning the reasons PNG ISD gave for withholding the remaining retainage.

[5]We may not, under the guise of contract construction, add to the language of the contract. *See American Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003); *Eland Energy, Inc. v. Seagull Energy E & P, Inc.*, 135 S.W.3d 122, 125 (Tex.App.–Houston [14th Dist.] 2004, pet. filed).

the subcontract, Pyramid's actual default under its contract with the school district is not a condition of Sunbelt's entitlement to payment from Pyramid, whether Pyramid was in default is not a material fact. Pyramid's first and second points are overruled.

In Pyramid's third point of error it argues that it is entitled to subtract from the judgment given Sunbelt its proportionate part of the attorney's fees and expenses Pyramid incurs in its suit against PNG ISD. Pyramid refers generally to Chapter 2251 of the Government Code, which allows for recovery of attorney's fees against a school district in certain circumstances, and argues we should reverse the summary judgment and this case should be abated until the conclusion of the Pyramid-PNG ISD suit, when Sunbelt's share of Pyramid's "unrecovered" cost of obtaining the retainage can be determined.

Pyramid does not contend that any provision of the subcontract authorizes the court to charge Sunbelt with the attorney's fees Pyramid incurs in another suit. *Compare Interstate Contracting Corp. v. City of Dallas*, 135 S.W.3d 605 (Tex. 2004) (recognizing "pass-through" claims asserted by a contractor for the benefit of a subcontractor as valid in Texas). Through our disposition of Pyramid's first two points, we effectively have determined that Pyramid's liability to Sunbelt for the remaining amount due under their subcontract is, on the facts presented, independent of PNG ISD's liability to Pyramid for the retainage. Chapter 38 of the Civil Practice & Remedies Code permits recovery of reasonable attorney's fees in a claim based on an oral or written contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997). Chapter 38 provides no basis for Pyramid's point of error because the statute does not authorize recovery of attorney's fees by a defendant who only defends against a contract claim and presents no contract claim

of its own, *Energen Resources MAQ, Inc. v. Dalbosco*, 23 S.W.3d 551, 558 (Tex.App.–Houston [1ˢᵗ Dist.] 2000, pet. denied), and because Pyramid did not prevail on a cause of action in this proceeding, *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997). Case law refers to exceptions, based on equitable considerations, to the general rule that attorney's fees are recoverable only when authorized by contract or statute. *See, e.g., Qwest Communications Int'l, Inc. v. A T & T Corp.*, 114 S.W.3d 15, 32-33 (Tex.App.–Austin 2003, pet. filed). We do not find those exceptions applicable to this case. Perceiving no basis for reversal of the trial court's judgment because of its failure to take into account Pyramid's attorney's fees in its suit against PNG ISD, we overrule Pyramid's third point.

Pyramid's fourth point of error presents the contention that putting responsibility on Pyramid for PNG ISD's refusal to honor its contract obligations is manifestly unfair and unjust. We are unable to find in the summary judgment record that such a contention was presented to the trial court. We may not consider as grounds for reversal of a summary judgment issues not expressly presented to the trial court by written motion, answer or other response. Tex. R. Civ. P. 166a(c); *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex. 1989) (all theories in support of a summary judgment, as well as all opposing issues, must be presented in writing to the trial court). Moreover, our conclusion that Pyramid undertook in the subcontract an obligation to pay Sunbelt despite Pyramid's dispute with PNG ISD would require us also to conclude it is neither unfair nor unjust that Pyramid perform that obligation. The fourth point is overruled.

Accordingly the judgment of the trial court is affirmed.

-8-

James T. Campbell
Justice