**Opinion issued October 25, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00378-CV

————————————

**BEVERLY WOODS, Appellant**

**V.**

**AMERICAN NATIONAL INSURANCE COMPANY, Appellee**

On Appeal from the 269th District Court
Harris County, Texas
Trial Court Case No. 2006-63583

## MEMORANDUM OPINION

This is a dispute over the amount of disability benefits required to be paid under a credit-disability insurance policy issued in conjunction with the purchase and financing of a car. Plaintiff-appellant Beverly Woods appeals the summary

judgment entered in favor of defendant-appellee American National Insurance Company (ANICO) on Woods's breach-of-contract and breach-of-fiduciary-duty claims. We affirm.

## BACKGROUND

On December 29, 1998, Woods purchased a new vehicle, which was financed by defendant ILA 1351 Federal Credit Union (ILA). The loan called for repayment over seventy-two months. As part of that same transaction, Woods purchased an ANICO insurance policy for seventy-two months of credit-life insurance coverage and sixty months of credit-disability insurance. This dispute involves only the disability insurance.

Woods made payments on her car for thirty months. In July 2001, she suffered an injury and applied for disability benefits under the ANICO policy. ANICO approved her claim and paid her benefits for the next thirty months, for a total of $29,333.33. ANICO did not pay towards the last twelve months of the car note because, under its interpretation of the insurance contract, the policy's sixty month term is measured from the effective date of the policy; thus, benefits were payable only on months of disability during the first sixty months of the seventy-two months loan. Woods disagreed, arguing that the contract provided for up to sixty months of benefits beginning at the time of her disability. Thus, under her

2

interpretation, Woods expected the insurance to pay benefits towards the remaining forty-two months of her car note, rather than just thirty months.

After ANICO quit paying benefits towards Woods's car loan, the credit union declared her to be in default, accelerated her note, and pursued a claim against her for the remaining amount on the note, late charges, collection costs, and attorneys' fees. Woods sued ANICO and ILA for breach of contract and breach of fiduciary duties. She later dismissed her claims against ILA.

ANICO moved for traditional and no-evidence summary judgment, arguing that it had made all required payments under the policy. The trial court granted summary judgment in ANICO's favor.

**ISSUES ON APPEAL**

On appeal, Woods argues that the trial court erred in granting summary judgment because there is an ambiguity in the insurance contract about when the sixty month term of insurance begins—either on the policy effective date or the date of disability—that creates an issue of fact. With regard to her breach-of-contract claim, she argues that ambiguity should be construed in her favor to begin the sixty-month term upon disability, and that ANICO thus breached the contract by discontinuing payments months thirty months after her disability. With regard to her fiduciary-duty claim, she argues that ANICO breached a duty to her by

3

making a misleading partial disclosure (i.e., the sixty-month term of insurance) without disclosing when that sixty-month term begins and ends.

## APPLICABLE LAW

### A. Summary Judgment

We review a trial court's summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). If a trial court grants summary judgment without specifying the grounds for granting the motion, we must uphold the trial court's judgment if any of the grounds are meritorious. *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

To prevail on a no-evidence motion for summary judgment, the movant must assert that there is no evidence to support an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion. *Mack Trucks, Inc. v. Tamex*, 206 S.W.3d 572, 582 (Tex. 2006); *Hahn*, 321 S.W.3d at 524.

In a traditional summary judgment motion, the movant has the burden to show that no genuine issue of material fact exists and that the trial court should

4

grant judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

### B. Insurance Policy Interpretation

The construction of a contract is a question of law for the court. *Edwards v. Lone Star Gas Co., a Div. of Enserch Corp.*, 782 S.W.2d 840, 841 (Tex. 1990); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). The general rules of contract construction govern insurance policy interpretation. *Tex. Farmers Ins. Co. v. Murphy*, 996 S.W.2d 873, 879 (Tex. 1999); *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995). We should assume the parties to a contract intended every clause to have some effect; we cannot strike down any portion of a contract absent irreconcilable conflict. *See Edlund v. Bounds*, 842 S.W.2d 719, 726 (Tex. App.—Dallas 1992, writ denied). If a contract is found to be ambiguous, its interpretation becomes a fact issue. *Coker*, 650 S.W.2d at 394. For insurance policies in particular, however, when ambiguous policy terms permit more than one reasonable interpretation, we construe the policy against the insurer. *See State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998);

5

*Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991). This is so especially when the policy terms exclude or limit coverage. *See Vaughan*, 968 S.W.2d at 933.

Whether a contract is ambiguous is a question of law for the court to decide by looking at the contract as a whole in light of the circumstances present when the contract was entered. *Columbia Gas Transmission Corp. v. New Ulm Gas., Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). A contract is unambiguous if it can be given a definite or certain legal meaning. *Id.* An ambiguity does not arise, however, simply because the parties advance conflicting interpretations of the policy. *Id.* But if the insurance policy is subject to one or more reasonable interpretations, it is ambiguous and the interpretation that most favors coverage for the insured will be adopted. *Nat'l Union Fire Ins. Co.*, 811 S.W.2d at 555.

## ANALYSIS

The parties agree that whether the trial court's summary judgment was proper rests on the issue of whether ANICO's insurance policy is ambiguous about when the sixty-month term of insurance begins and ends.

Not all of the blanks on the insurance contract were filled in at the time of Woods's purchase. The following provisions relate to the disability insurance:

> Total Disability Benefits Commence from The __[blank]__ Day
> When Disability Continues For __[blank]__ Days.
> Effective Date of Insurance ____12-29-98____

6

Terms (Months) __60__

Term Date of Insurance _____[blank]_____

Initial Amount of Insurance ___[blank]_____

Monthly Payment _____$1,000.00_____

Single Premium for Term _____$2,304.80_____

Woods argues that because the line on which the termination date should be written is blank, there is an ambiguity about the termination date that should be construed in her favor.

In response, ANICO argues that Woods interpretation is not reasonable, and that there is no ambiguity in the policy. According to ANICO, the sixty-month term of coverage began on the effective date of December 29, 1998, meaning that it would terminate sixty months later on December 29, 2003. ANICO also notes that the contract specifically warns the insured about the possibility that the insurance purchased may not fully cover a loan in the event of disability:

> THE MONTHLY DISABILITY BENEFITS PROVIDED HEREUNDER MAY NOT BE SUFFICIENT TO COVER THE ACTUAL INSTALLMENT PAYMENTS COMING DUE UNDER THE LOAN, AND THE TERM OF THE DISABILITY INSURANCE COVERAGE MAY BE LESS THAN THE TERM OF THE LOAN.

"Whether a provision in a contract is ambiguous is answered by looking at the entire contract and giving effect to each provision." *Besteman v. Pitcock*, 272 S.W.3d 777, 784 (Tex. App.—Texarkana 2008, no pet.). Construing the insurance

policy here as a whole, we conclude that the policy's failure to expressly provide a termination date does not render the policy ambiguous.

The policy states that "[t]he term begins on the Effective Date and ends at 11:59 p.m. on the Termination Date." The policy also provides an "Effective Date" of December 29, 1998. Despite the line for termination date being left blank, if the policy's sixty-month term begins on this effective date of December 29, 1998 (as the policy provides), the termination date must necessarily be December 29, 2003. Given that there are policy provisions from which a definitive termination date can be derived, the lack of an express termination date does not render the policy ambiguous. *See id.* ("If a contract is worded so that a court may properly give it a definite or certain legal meaning or interpretation, then it is not ambiguous.").

The interpretation Woods advances, i.e., that the sixty-month term begins upon disability rather than the effective date, directly contradicts the policy provision providing that the term begins on the effective date of the policy. We must reject an interpretation that conflicts with policy provisions in favor of an interpretation giving effect to all its provisions. *See, e.g.*, *Royal Maccabees Life Ins. Co. v. James*, 146 S.W.3d 340, 345 (Tex. App.—Dallas 2004, no pet.) ("We should assume the parties to a contract intended every clause to have some effect; we cannot strike down any portion of a contract absent irreconcilable conflict.").

8

The parties agree that ANICO made the required payments from the date of Woods' disability through December 29, 2003. Accordingly, the trial court correctly granted summary judgment on Woods's breach-of-contract claim against ANICO.

For the same reasons, the trial court correctly granted summary judgment on Woods's fiduciary-duty claim. Woods argues that ANICO breached a fiduciary duty to her by specifying a sixty-month term in the insurance contract without specifying when that sixty-month term began and ended. Because we have held that the insurance contract did in fact disclose when the sixty-month term began and ended, no fact issue exists as to Woods's fiduciary-duty claim, rendering summary judgment proper.[1]

## CONCLUSION

We affirm the trial court's judgment.

---

[1] In addition to arguing that it did not fail to disclose material information, ANICO contends that summary judgment was also proper on this claim because there "is no general fiduciary duty between an insurance company and its insured." Woods does not, however, appear to rely on the parties' status as parties to the insurance contract but, rather, asserts that ANICO made a misleading partial disclosure that gave rise to a duty of full disclosure. Because we agree with ANICO that, as a matter of law, there was no failure to disclose, we need not address under what circumstances, if any, a fiduciary duty could arise between parties to an insurance contract.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.