COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SANDRA MELENDEZ, | § | |
| | | No. 08-07-00344-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Court at Law No. 3 |
| NIBARDY GIL PADILLA, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC#2007-147) |
| | § | |

## O P I N I O N

Sandra Melendez appeals the trial court's summary judgment in favor of Nibardy Padilla, asserting in a single issue that the document she signed in Mexico did not bar her later suit to recover civil damages from Padilla in Texas. We affirm.

## BACKGROUND

On December 20, 2005, Padilla was driving his girlfriend's car when he ran a stop sign, causing a collision in Juarez, Mexico.[1] As a result of the accident, Melendez, who was a passenger in the car, sustained injuries. The Mexican police took Padilla into custody. At the request of her sister, Melendez, prior to receiving treatment for her injuries in El Paso, followed the police to the jail to help secure Padilla's release. For Padilla to get out of jail, Melendez was required to sign a release document, written in Spanish. According to the translation, the document recited that Melendez was granting a pardon to Padilla for the offense of injuries being satisfied with the

---

[1] Padilla's girlfriend is Melendez's sister.

payment for restitution regarding damages. Melendez further attested that it was not her intention for any legal action to be carried out at present or in the future against Padilla.

After Melendez later filed suit in Texas, Padilla responded that her suit was barred by accord and satisfaction, and release, and he moved for summary judgment. Melendez, who did not read Spanish fluently, retorted that her understanding of the document was that it was solely a means to get him out of jail and release him against any criminal liability. Melendez claimed that she did not receive any consideration in exchange for signing the release, and she did not believe the document's intent was to settle any civil claims for bodily injuries. Therefore, Melendez asserted that Padilla's defense of accord and satisfaction failed.

Padilla responded to Melendez's arguments, noting that she had no trouble communicating with the police and ambulance personnel on the date of the accident, and that his release from jail, a benefit to Melendez's sister, was sufficient consideration. The trial court granted summary judgment in favor of Padilla.

## ANALYSIS

On appeal, Melendez attacks the trial court's summary-judgment ruling by challenging Padilla's defenses of accord and satisfaction, and release, asserting Padilla failed to establish the elements of either. Specifically, Melendez asserts that she never received payment of the instrument as required by the Texas Business and Commerce Code's adaption of the defense of accord and satisfaction, and that the document she signed was not a release but a sworn statement. Melendez further contends that if the document was a release, it was unsupported by consideration, and that it was ambiguous, and unenforceable.

### Standard of Review

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656,

661 (Tex. 2005). Summary judgment is appropriate when there is no genuine issue as to any material fact and judgment should be granted in favor of the movant as a matter of law. TEX. R. CIV. P. 166a(c); *see also Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005). In conducting our review, we resolve all doubts in favor of the nonmovant. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

*Accord and Satisfaction*

Accord and satisfaction is a defense that rests upon a new contract, express or implied, in which the parties agree to the discharge of an existing obligation in a manner otherwise than originally agreed. *Smith-Hamm, Inc. v. Equipment Connection*, 946 S.W.2d 458, 462 (Tex. App.–Houston [14th Dist.] 1997, no writ). The accord is merely a new agreement whereby one party agrees to give or perform, and the other to accept something other than or different from what she is, or considers herself to be, entitled to. *City of Houston v. First City*, 827 S.W.2d 462, 472 (Tex. App.–Houston [1st Dist.] 1992, writ denied). Satisfaction is then the performance of the agreement. *Id*. The defense is applicable in tort claims. *Marsalis v. Garre*, 391 S.W.2d 522, 525 (Tex. Civ. App.–Amarillo 1965, writ ref'd n.r.e.) ("Claims arising out of the commission of a tort are particularly applicable subjects for accord and satisfaction.").

To prevail under the common-law defense of accord and satisfaction, Padilla had to show not only that a dispute between him and Melendez existed, but also that they specifically and intentionally agreed to discharge Padilla's obligations. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 863 (Tex. 2000); *Milton M. Cooke Co. v. First Bank and Trust*, 290 S.W.3d 297, 304 (Tex. App.–Houston [1st Dist.] 2009, no pet.). However, Melendez does not argue that Padilla failed to prove his common-law defense of accord and satisfaction; rather, she asserts that he failed to prove the statutory elements of accord and satisfaction, specifically, the element of consideration,

as codified in Section 3.311 of the Texas Business and Commerce Code. Section 3.311 provides that a "claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim," and:

> (1) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim;
>
> (2) the amount of the claim was unliquidated or subject to a bona fide dispute; and
>
> (3) the claimant obtained payment of the instrument.

TEX. BUS. & COM. CODE ANN. § 3.311(a)-(b) (Vernon 2002); *Milton*, 290 S.W.3d at 304. However, Section 3.311 is only applicable to accord-and-satisfaction claims concerning negotiable instruments. Indeed, Section 3.311 is contained within Chapter 3 of the Texas Business and Commerce Code, entitled "Negotiable Instruments." *See* TEX. BUS. & COM. CODE ANN. § 3.102(a) (Vernon 2002) ("This chapter applies to negotiable instruments."). A negotiable instrument is defined as:

> [A]n unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it: (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder; (2) is payable on demand or at a definite time; and (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money [with certain exceptions].

TEX. BUS. & COM. CODE ANN. § 3.104(a) (Vernon 2002). The document signed in this case did not concern a tender of any negotiable instruments. Therefore, Section 3.311 did not apply to the tort claim at issue.

Melendez has not challenged the common-law defense of accord and satisfaction on appeal. When the trial court fails to specify the reason for granting a summary judgment, the appealing party must challenge all possible grounds that could form the basis of that ruling on appeal. *See*

*Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *State Farm Fire & Cas. Co. v. S.S. & G.W.*, 858 S.W.2d 374, 381 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). If the appealing party fails to negate each ground, we must uphold the summary judgment. *See Carr*, 776 S.W.2d at 569; *Leffler v. JP Morgan Chase Bank, N.A.*, 290 S.W.3d 384, 386 (Tex. App.–El Paso 2009, no pet.). Here, Melendez has not shown the trial court's summary judgment was improper based on Padilla's common-law defense of accord and satisfaction. Accordingly, we affirm the summary judgment in favor of Padilla on those grounds. Furthermore, in light of our conclusion that summary judgment was proper on this ground, we need not address the alternative ground of release. *See Knott*, 128 S.W.3d at 216; *Hightower v. Baylor University Medical Center*, 251 S.W.3d 218, 224 n.3 (Tex. App.–Dallas 2008, pet. stricken) (where trial court does not specify grounds for summary judgment, summary judgment must be affirmed if any theory presented to trial court and preserved for appellate review is meritorious).

## CONCLUSION

Because Melendez has failed to show the trial court erred in granting summary judgment in favor of Padilla, we overrule her sole issue and affirm the trial court's judgment.

GUADALUPE RIVERA, Justice

January 29, 2010

Before Chew, C.J., Rivera, J., and Moody, Judge
Moody, Judge, sitting by assignment