02-09-465-CV
















 

 

 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-09-465-CV

 

 


 
 
 ROBERT FLORES
 
 
  
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 DONALD EDWARD HANSEN D/B/A SANDPIPER AVIATION
 
 
  
 
 
 
 
 APPELLEE
 
 


 

                                                                                                                             

------------

 

FROM THE 141ST DISTRICT COURT OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

          In two issues, appellant Robert Flores
appeals the trial court’s order that granted appellee Donald Edward Hansen
d/b/a Sandpiper Aviation’s (Hansen’s) motion for summary judgment.[2]  Flores argues that neither of Hansen’s
affirmative defenses—accord and satisfaction and release—precludes his claims.  We affirm in part and reverse and remand in
part.

Background Facts

          Flores claims that in July 2007, he was
working for Hansen when he fell into a hole on a catwalk and injured himself.  Flores received treatment for his injuries.  Hansen paid the cost of the ambulance that
took Flores to the hospital and also paid Flores his regular wages when he was
unable to work because of his injuries.  Flores
eventually returned to work.

          Flores asked Hansen if Hansen would
reimburse him for out-of-pocket medical expenses that were not being covered by
private health insurance.  Hansen
repeatedly asked Flores to bring in the bills so he could pay them.  Flores eventually brought Hansen medical bills
totaling $1,154.31. Hansen told an employee to create a one-page document dated
December 18, 2007, and titled “Final Settlement of expenses for accident Robert
Flores had while on the job” (the December 18, 2007 document).  The document itemized Flores’s $1,154.31
worth of medical expenses that were accumulated from eleven particular bills.  At the bottom of the document it recites, “In
addition was paid sick pay and Medstar was paid $1,100.00.”  Flores signed and dated the document.

          When Flores’s counsel asked Hansen in
a deposition to explain the purpose of the document, Hansen said, 

[Flores] was getting along
real good.  He was not having a
problem.  And I called him in and talked
to him, and I said, [“]We need to bring this thing to an end.[”]  And I did that for one sole reason.  He kept on hurting himself and aggravating
that arm with other incidents after.

 

          And I told him, [“]You bring -- bring me all your bills
through this day, and I will pay them . . . . 
But as of this date, we need to bring this to an end because you are
repeatedly hurting yourself, and you’re driving my trucks and cars, and I want
to get this over with.[”]  And the idea
behind this whole deal was to bring it to an end.

 

Hansen expressed
his belief that the document served to release him from further claims by
Flores.  Hansen stated in an affidavit
that he told Flores “that [Flores] would receive no future payments from [Hansen]
for the incident and that this was [Hansen’s] final payment for all bills,
expenses[,] and any other damages associated with the alleged incident.”  However, Hansen also said that if
Flores had brought him other bills that were dated prior to the date Flores
signed the settlement document, Hansen would have paid them.

          Flores said that by signing the
document, he only agreed to not seek more compensation from Hansen for the
bills Hansen had paid, not for other damages. 
Flores said in his affidavit, “Hansen never told me that the . . .
reimbursement would constitute final payment due me because of the 7/2/07
incident.”  He explained, “I never
intended to waive further medical expenses or any of the other damages . . . by
accepting payment of [medical] expenses or signing the 12/18/07 Document.”

          Flores took Hansen’s check for
$1,153.31.  In the bottom left corner of
the check, under “MEMO,” it states in part, “Final Settlement of expenses for
accident.”  After receiving and
depositing the check, Flores incurred more medical expenses that he contends
are related to his fall.  Flores
eventually quit his job with Hansen.

          Based on the injuries sustained during
his fall, Flores filed a lawsuit to assert claims against Hansen for negligence
and gross negligence.  Flores sought damages
related to medical expenses, out-of-pocket economic losses, lost earning
capacity, physical pain, physical impairment, disfigurement, and mental
anguish.  Hansen answered by way of a
general denial; he also pled affirmative defenses of accord and satisfaction
and release based on the one-page “Final Settlement” document and the $1,153.31
check that Flores had negotiated.  

          Hansen filed a motion for summary
judgment based on both of his affirmative defenses.  Flores responded to Hansen’s motion,
contending that neither the accord and satisfaction doctrine nor the release
doctrine applies.[3]  The trial court granted Hansen’s motion and
dismissed Flores’s suit.  Flores filed
notice of this appeal.

The Propriety of the Trial Court’s
Summary Judgment Decision

Standard of review

          We
review a summary judgment de novo.  Mann Frankfort Stein & Lipp Advisors,
Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We consider the evidence presented in the
light most favorable to the nonmovant, crediting evidence favorable to the
nonmovant if reasonable jurors could, and disregarding evidence contrary to the
nonmovant unless reasonable jurors could not. 
Id.  We indulge every reasonable inference and
resolve any doubts in the nonmovant’s favor. 
20801, Inc. v. Parker, 249
S.W.3d 392, 399 (Tex. 2008).

Release
and accord and satisfaction are affirmative defenses.  Tex. R. Civ. P. 94.  By asserting these affirmative defenses,
appellee assumed the burden to plead and produce evidence to support those
claims.  A defendant is entitled to
summary judgment on an affirmative defense if the defendant conclusively proves
all the elements of the affirmative defense. 
Chau v. Riddle, 254 S.W.3d 453,
455 (Tex. 2008); see Tex. R. Civ. P.
166a(b), (c).  To accomplish this,
the defendant-movant must present summary judgment evidence that establishes
each element of the affirmative defense as a matter of law.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).  Any deficiency in the proof of an affirmative
defense is chargeable against appellee, as the party asserting it.  Ron
Craft Chevrolet, Inc. v. Davis, 836 S.W.2d 672, 674 (Tex. App.—El Paso
1992, writ denied).

Accord and satisfaction

          In appellant’s first issue, he argues
that the trial court could not have properly granted summary judgment based on
appellee’s accord and satisfaction defense.[4]  In the trial court, appellee moved for
summary judgment on that defense based on appellant’s negotiating appellee’s
$1,153.31 check that includes the language “Final Settlement of expenses for accident.”  Appellee relied on common law and on a
provision of the Business and Commerce Code.

          Section 3.311 of the Texas Business
and Commerce Code states that an accord and satisfaction occurs when a person
in good faith tenders an instrument to the claimant as full satisfaction of the
claim, the amount of the claim is unliquidated or subject to a bona fide
dispute, and the claimant obtains payment of the instrument.  Tex. Bus. & Com. Code Ann. § 3.311(a)
(Vernon 2002).  A “claim is
discharged if the person against whom the claim is asserted proves that the
instrument or an accompanying written communication contained a conspicuous
statement to the effect that the instrument was tendered as full satisfaction of the claim.” 
Id. § 3.311(b) (emphasis
added); see Melendez v. Padilla, 304
S.W.3d 850, 852–53 (Tex. App.—El Paso 2010, no pet.) (explaining that the “accord
is merely a new agreement whereby one party agrees to give or perform, and the
other to accept something other than or different from what she is . . . entitled
to” and that “[s]atisfaction is then the performance of the agreement”).  Section 3.311 applies to negotiable
instruments.  Melendez, 304 S.W.3d at 852-53. 


          Under the common law, “Texas courts
have noted that ‘[c]laims arising out of the commission of a tort are
particularly applicable subjects for accord and satisfaction.’”  Case
Funding Network, L.P. v. Anglo-Dutch Petroleum Intern., Inc., 264 S.W.3d
38, 49 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (quoting Marsalis v. Garre, 391 S.W.2d 522, 525
(Tex. Civ. App.—Amarillo 1965, writ ref’d n.r.e.)).  However,

for this defense to
prevail, there must be a dispute and an unmistakable communication to the [plaintiff]
that tender of the reduced sum is upon the condition that acceptance will
satisfy the underlying obligation.  The
parties must specifically and intentionally agree to the discharge of one of
the parties’ existing obligations . . . . 
‘A valid accord and satisfaction requires that there initially be a
legitimate dispute between the parties about what was expected.’

 

Lopez v. Munoz, Hockema & Reed, L.L.P.,
22 S.W.3d 857, 863 (Tex. 2000) (citation omitted) (quoting Bueckner v. Hamel, 886 S.W.2d 368, 372 (Tex. App.—Houston [1st Dist.] 1994, writ denied)).  Thus, to be an accord, “the statement
accompanying the tender of a sum less than the [obligation between the parties]
must be so clear, full[,] and explicit that it is not susceptible of any other interpretation.”  Jenkins
v. Henry C. Beck Co., 449 S.W.2d 454, 455 (Tex. 1970).[5]  A necessary element of accord and
satisfaction is that the claim amount was disputed.  That is, to prevail on the defense of accord
and satisfaction, Hansen must have presented summary judgment evidence that he
and Flores disputed the amount or type of damages Hansen should pay.  See
Lopez, 22 S.W.3d at 863.  There is no evidence that Hansen and Flores
disagreed.  Hansen does not dispute that Flores
asked him to cover his out-of-pocket medical expenses.  Hansen asked Flores to bring in every medical
bill Flores had received “to date” and Hansen subsequently paid all the bills Flores
provided.  Hansen’s own affidavit defeats
his argument when he unequivocally states that “Flores never asked [him] to pay
[Flores] anything else or compensate him in any other way as a result of the
incident.”

Accord
and satisfaction also “requires a bargaining evidenced in a new contract,” Bueckner, 886 S.W.2d at 372.  Hansen has not presented evidence that any
type of bargaining occurred with Flores. 
In fact, the evidence establishes that Flores asked for $1,154.31 plus
sick pay and ambulance expenses and that he received those exact amounts.  There is no evidence that he accepted
something other than or different from what he was requested on that date.

Lastly,
Hansen has failed to prove that he communicated to Flores that he was tendering
payment to satisfy all claims Flores could have against Hansen as a result of
the incident in such “clear, full, and explicit” terms that Flores could not
possibly mistake Hansen’s intent.  Flores
disputes that he was told that the $1,154.31 would be the final payment for
every claim against Hansen resulting from his injuries.  Both the memo on the check and the separate
document dated December 18, 2007 refer only to “expenses.”  Hansen failed to prove the parties
specifically and intentionally agreed that Flores would be relinquishing any
and all claims against Hansen that might arise from the incident for the
payment of $1,154.31. 

Accordingly,
Hansen has failed to present evidence that there was a bona fide dispute over
the amount owed and that he clearly communicated the entirety of the subject
matter the accord purported to cover.  Therefore,
Hansen is not entitled to summary judgment on his accord and satisfaction
defense.

Release

Appellant
next argues that the release document is limited and does not bar his current
claims.[6]  A release is an agreement or contract in
which one party agrees that a duty or obligation owed by the other party is
discharged immediately or on the occurrence of a condition.  Nat’l Union
Fire Ins. Co. of Pittsburgh, PA. v. Ins. Co. of N. Am., 955 S.W.2d 120, 127
(Tex. App.—Houston [14th Dist.] 1997), aff’d,
20 S.W.3d 692 (Tex. 2000).  It is subject
to the normal rules of contract construction, including the rules of
ambiguity.  Id.  A release extinguishes a
cause of action and bars recovery on the released matter. Dresser Indus., Inc. v. Page Petroleum, Inc., 853 S.W.2d 505, 508
(Tex. 1993).

A
release does not have to “anticipate and identify each potential cause of
action relating to the release’s subject matter,” Keck, Mahin & Cate v. Nat’l Union Fire Ins. Co. of Pittsburgh, Pa.,
20 S.W.3d 692, 698 (Tex. 2000), but to preclude a claim, the release must “mention”
it.  Victoria
Bank & Trust Co. v. Brady, 811 S.W.2d 931, 938 (Tex. 1991).  Although releases include claims existing at
the time of execution, they may also include unknown claims and damages that
develop in the future.  See Keck, Mahin & Cate, 20 S.W.3d at
698.  However, a release does not
necessarily or automatically include future claims without evidence of such
intent.  Niemeyer v. Tana Oil & Gas Corp., 39 S.W.3d 380, 388 (Tex. App.—Austin 2001, pet. denied) (“We note
that while the release applied to all past and present claims at the time of
its execution, the trial court could have found that it did not bar prospective
claims that might arise in [the] future.”); Priem
v. Shires, 697 S.W.2d 860, 864 (Tex. App.—Austin 1985, no writ).

The
December 18, 2007 document is titled “Final Settlement of expenses for accident
Robert Flores had while on the job,” lists Flores’s medical bills, and bears
the note “In addition was paid sick pay and Medstar was paid $1,100.00.”  The document does not say “release,” but its
content clearly reflects an agreement to finally settle any claim by Flores for
payment by Hansen of the specified expenses listed therein.  The document makes no reference to any other
claims, past or future.  Flores does not
dispute Hansen’s evidence that the bills represented the entirety of Flores’s
medical expenses at the time.  Thus, the
release in this case is very narrow and limited.  The December 18, 2007 document serves as a
final settlement of all Flores’s medical expenses incurred prior to the date of
Flores’s signature.

Hansen
argues that the definition of “expenses” should be expanded to cover other past
damages as well, based on the notation at the bottom of the document “In
addition was paid sick pay and Medstar was paid $1,100.00.”  Hansen argues that expenses cannot mean what
expenses normally and usually means because sick pay is not an expense.  His argument ignores the use of the phrase
“in addition” and the fact that the sick pay and Medstar’s ambulance payment
are separated from the itemized list of expenses and located below the “total”
amount of the settlement.  The use of the
term “expenses” is not ambiguous, and the Court will enforce it as written.  Heritage
Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996).  

We
therefore affirm the trial court’s ruling on Hansen’s summary judgment motion
only as to those medical expenses incurred prior to December 18, 2007. As to
all other claims for expenses or damages, we reverse.

Conclusion

Summary
judgment was improper based on both the affirmative defense of accord and satisfaction
and the affirmative defense of release for expenses and damages other than the
expenses settled and released in the December 18, 2007 document.  We affirm the trial court’s summary judgment
as to medical expenses incurred prior to December 18, 2007, and we remand the
cause to the trial court for further proceedings on all other issues.

 

                                                                   
 
 
 
 
 
 
 
 LEE GABRIEL

                                                                   
 
 
 JUSTICE

 

PANEL:  GARDNER, WALKER, and GABRIEL,
JJ.

 

DELIVERED:  September 16, 2010











[1]See Tex. R. App. P. 47.4.





[2]Sandpiper
Aviation, a Fort Worth business, sells fuel and stores aircraft.





          [3]Hansen
objected to some of the evidence that Flores attached to his summary judgment
response.  The trial court overruled each
of the objections.





          [4]Rule 94
of the Rules of Civil Procedure includes accord and satisfaction as one of
several affirmative defenses.  See Tex. R. Civ. P. 94.  





          [5]The
parties have not cited authority to show that we should analyze statutory
accord and satisfaction separately from the common law doctrine.  One court has noted that “section 3.311 does
not conflict with the common-law doctrine of accord and satisfaction.”  Milton
M. Cooke Co. v. First Bank and Trust, 290 S.W.3d 297, 304 (Tex. App.—Houston [1st Dist.] 2009, no
pet.).  “Section [3.311] is based on a
belief that the common law rule produces a fair result.”  Tex. Bus. & Com. Code Ann. § 3.311, cmt.
3.  





          [6]Flores
does not appear to dispute that the December 18, 2007 document is a release, as
he refers to the document as such throughout his brief.