

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY, | § | No. 08-12-00133-CV |
| | § | |
| Appellant, | § | Appeal from the |
| | § | |
| v. | § | County Court at Law No. 2 |
| | § | |
| FREDRICH 2 PARTNERS, LTD., | § | of Denton County, Texas |
| | § | |
| Appellee. | § | (TC# 2011-000914) |
| | § | |

# **O P I N I O N**

In this insurance-coverage case decided on cross-motions for summary judgment, American National Property & Casualty Company appeals from the trial court's judgment declaring it must provide coverage for a loss sustained by its insured, Fredrich 2 Partners, Ltd. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Fredrich owned seven commercial buildings insured against property damage under a policy issued by American National. During a severe winter storm where temperatures remained below freezing for four consecutive days, an insulated copper pipe in one of the buildings froze and ruptured, causing water damage to the building's two interior units. At the time of the incident, one unit was occupied and heated while the other sat vacant and unheated. The pipe that froze and ruptured was located in the attic above the vacant unit.

Fredrich notified American National of the loss and submitted a claim. American National denied the claim, relying on the exclusion in the policy for loss or damage resulting from frozen plumbing. That exclusion and its exceptions read as follows:

> [B.] 2. We will not pay for loss or damage caused by or resulting from any of the following:
>
> .    .    .
>
> e. Frozen Plumbing
>
> Water, other liquids, powder or molten material that leaks or flows from plumbing, heating, air conditioning or other equipment (except fire protective systems) caused by or resulting from freezing, unless:
>
> (1) You do your best to maintain heat in the building or structure; or
>
> (2) You drain the equipment and shut off the supply if the heat is not maintained.[1]

In response, Fredrich sought a declaratory judgment that American National was required to provide coverage for the water damage. After answering, American National moved for traditional summary judgment on the basis that coverage was barred because neither exception to the exclusion applied.

Fredrich filed a competing motion for summary judgment, asserting three bases for relief. The first was the argument that by maintaining heat in the occupied unit, Fredrich satisfied the exception requiring that it do its best to maintain heat in the building. The second was the contention that even if the phrase "do your best" was ambiguous, Fredrich satisfied the exception because the pertinent rules of construction required that this phrase be construed narrowly and in Fredrich's favor. The third was the argument that even if Fredrich failed to do its best to heat the building, the exclusion did not apply because the pipe would have frozen and ruptured regardless

---

[1] This exception has no bearing in this appeal because Fredrich concedes it did not drain the pipes.

2

of whether heat was maintained in the vacant unit. In its order granting Fredrich's motion and denying American National's, the trial court did not specify the basis or bases for its decision.

## STANDARD OF REVIEW

Declaratory judgments are reviewed under the same standard as other judgments or decrees. TEX.CIV.PRAC.&REM.CODE ANN. § 37.010 (West 2008); *Hawkins v. El Paso First Health Plans, Inc.*, 214 S.W.3d 709, 719 (Tex.App.--Austin 2007, pet. denied). Here, because the trial court rendered the declaratory judgment through summary judgment proceedings, "we review the propriety of the trial court's declarations under the same standards we apply to summary judgment." *See Hawkins*, 214 S.W.3d at 719.

We review a trial court's decision to grant summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, the movant must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215-16 (Tex. 2003). When, as here, the trial court does not specify the grounds on which the summary judgment was granted, we must affirm if any of the summary judgment grounds are meritorious. *Texas Workers' Comp. Comm'n v. Patient Advocates of Texas*, 136 S.W.3d 643, 648 (Tex. 2004); *Knott*, 128 S.W.3d at 216; *Melendez v. Padilla*, 304 S.W.3d 850, 854 (Tex.App.--El Paso 2010, no pet.). These standards apply in insurance-coverage cases. *See e.g.*, *State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998); *Hanson v. Republic Ins. Co.*, 5 S.W.3d 324, 328 (Tex.App.--Houston [1st Dist.] 1999, pet. denied).

## APPLICABLE LAW

3

The parties concur that the primary question before us concerns the correct interpretation of the insurance policy. Insurance contracts are subject to the same rules of construction as ordinary contracts. *National Union Fire Ins. Co. of Pittsburgh, PA v. Hudson Energy Co., Inc.*, 811 S.W.2d 552, 555 (Tex. 1991). We therefore strive to effectuate the policy as the written expression of the parties' intent. *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995).

If policy language is so worded that it can be given a definite or certain legal meaning, it is unambiguous and we apply it as written, without resorting to rules of construction. *National Union*, 811 S.W.2d at 555. On the other hand, if policy language is reasonably or fairly susceptible to more than one interpretation, it is ambiguous and we construe it in favor of the insured. *Id.*

## DISCUSSION

In a single issue encompassing four separate and distinct arguments, American National contends the trial court erred in granting Fredrich's motion for summary judgment.[2] Because the trial court did not specify the grounds on which it granted Fredrich's motion, we must affirm if the summary judgment can be supported by any one of the three grounds asserted by Fredrich. *Patient Advocates*, 136 S.W.3d at 648; *Knott*, 128 S.W.3d at 216. We turn to Fredrich's first ground because if Fredrich did its best to maintain heat in the building, the exception to the general exclusion for water damage due to freezing would apply, and coverage would exist for the water damage.

---

[2] American National does not complain of the denial of its motion for summary judgment. Nevertheless, when both parties move for summary judgment on the same issues and the trial court grants one motion and denies the other, we consider: (1) the summary judgment evidence presented by both sides; (2) determine all questions presented; and (3) if we determine that the trial court erred, render the judgment the trial court should have rendered. *Dorsett*, 164 S.W.3d at 661, *citing FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

*Maintaining Heat in the Building*

Fredrich established, as a matter of law, that it did its best to maintain heat in the building in which the water damage occurred. The summary judgment record contains uncontroverted evidence that the building's occupied unit was heated during the duration of the ice storm.

American National argues that Fredrich did not do its best to maintain heat in the building because "Friedrich did *nothing* to maintain heat in the building." [Emphasis in orig.], We disagree. As established by the summary judgment record, Frederick provided the electricity and gas required to *keep* the building's occupied unit heated during the ice storm and thus satisfied its obligation to do its best to maintain heat in the building. *See* WEBSTER'S NEW UNIVERSAL UNABRIDGED DICTIONARY 1060 (2nd Ed. 2003)(defining "maintain" as "to keep in existence or continuance; preserve, retain").[3]

American National also contends that evidence the tenant maintained heat in his unit during the ice storm is not evidence Fredrich did its best to maintain heat in the building. However, American National cites no authority for this proposition nor directs us to any provision in the insurance policy—and we cannot find one—mandating such a conclusion. American National does assert in its reply brief that because the terms "you" and "your" refer to the insured, Fredrich, rather than the tenant, bore the obligation to do its best to maintain heat in the building. But, Fredrich met its obligation by providing the heat source necessary to keep the occupied unit heated during the ice storm. Further, we are at loss to understand how Fredrich failed to do its best to maintain heat in the building when, in fact, there was heat in the building during the ice storm.

---

[3] No party contends that the phrase "maintain" is an ambiguous phrase. Accordingly, because "maintain" can be given a definite or certain legal meaning, we apply it as written. *See National Union*, 811 S.W.2d at 555.

American National further contends Fredrich's admission that the heat was not on in the unoccupied unit establishes that Fredrich did nothing to maintain heat in the building. But the policy did not require Fredrich to maintain heat in each unit, but rather to heat the building—the property covered under the policy.

In light of the preceding, we conclude that the trial court did not err in granting summary judgment in favor of Fredrich on this ground. Because we find this ground to be meritorious, we need not address American National's arguments on the other grounds asserted by Fredrich in its motion for summary judgment. *See* TEX.R.APP.P. 47.1; *Patient Advocates*, 136 S.W.3d at 648; *Knott*, 128 S.W.3d at 216; *Melendez*, 304 S.W.3d at 854. We overrule American National's sole issue.

## CONCLUSION

The trial court's judgment is affirmed.

July 31, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

6