# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00135-CV

**Ken Burge, Appellant**

**v.**

**Ocwen Loan Servicing, LLC; U.S. Bank, N.A.;**
**MASTR Asset Backed Securities Trust 2005-NC1; Mortgage Pass-through Certificates,**
**Series 2005-NC1; and Shapiro Schwartz, LLP, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT**
**NO. 11-687-C368, HONORABLE PHILLIP O. VICK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Ken Burge challenges the summary judgment rendered on his claims of breach of contract, deceptive trade practices, and wrongful debt collection related to a foreclosure sale of property. Because he did not challenge the no-evidence basis for the motion and because he does not otherwise present grounds requiring reversal, we will affirm the judgment.

## BACKGROUND

Burge took out a home equity loan on real property. He executed a note and security interest with New Century Mortgage Corporation. The note was negotiated to appellee U.S. Bank, N.A., in its capacity as trustee for the registered holders of MASTR Asset Backed Securities Trust 2005-NC1, Mortgage Pass-through Certificates, Series 2005-NC1 ("the Trust"). According to the affidavit of Takisha Williams, appellee Ocwen Loan Servicing LLC is the mortgage servicer for

the Trust. According to Williams, Burge defaulted on his debt-payment obligations, and the Trust, through Ocwen and its attorneys at Shapiro Schwartz LLP, accelerated the debt and held a foreclosure sale.

Burge sued, alleging breach of contract, deceptive trade practices, wrongful debt collection, and other wrongful acts related to the foreclosure.[1] Appellees moved for summary judgment under evidentiary and no-evidence standards, with the latter applying only to breach of contract, deceptive trade practices, and debt collection theories of recovery. The trial court granted the motion without stating a basis.

---

[1] Burge alleged the following in the paragraph entitled Causes of Action:

Plaintiff alleges that Defendants breached the contract for the sale of the home and the deed of trust contained in the security instrument, including but not limited to by not providing a timely signed notice of trustee's sale. Plaintiff further alleges that the "Transfer of Lien" is a fraudulent document, and any attempt to collect a debt based upon authority allegedly granted by the Transfer of Lien is void *ab initio*. Plaintiff says that these acts and omissions constitute violations of the Texas Deceptive Trade Practices Act (DTPA) codified in the Texas Business and Commerce Code § 17.46 *et seq.* and the Texas Fair Debt Collection Practices Act. Plaintiff says that Defendants OCWEN LOAN SERVICING, LLC and Shapiro Schwartz LLP have wrongfully obtained an order to foreclose on his homestead, and has engaged in unfair debt collection practices. Additionally, Plaintiff asks that the pending trustee's sale should be set aside because of Defendant OCWEN LOAN SERVICING, LLC's unlawful actions, including but not limited to failure to provide timely signed notice of trustee's sale and Defendant OCWEN LOAN SERVICING, LLC's failure to obtain lawful title, and Defendant OCWEN LOAN SERVICING, LLC's presentation of the fraudulent Transfer of Lien. Defendant's unlawful actions consisted of posting a foreclosure sale and recording a substitute trustee's deed against Plaintiff's homestead when it had no standing to do so as it does not own or hold any debt secured by Plaintiff's homestead.

## DISCUSSION

Before we address Burge's four issues on appeal, we will address appellees' arguments concerning the no-evidence summary judgment.

When the trial court does not state the basis for granting summary judgment, the appealing party must negate on appeal all possible grounds that could form the basis of that ruling. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995); *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). Burge does not address in his brief the no-evidence basis for summary judgment. After adequate time for discovery, a party without the burden of proof may seek summary judgment on the ground that no evidence supports one or more essential elements of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i); *see Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The trial court is required to grant the motion unless the nonmovant produces evidence raising a genuine issue of material fact as to each challenged element. *See* Tex. R. Civ. P. 166a(i). Appellees moved for summary judgment on no-evidence grounds on Burge's breach-of-contract, deceptive trade practices, and wrongful debt collection claims. Burge does not on appeal challenge the no-evidence basis. We affirm the summary judgment on those claims. *See Melendez v. Padilla*, 304 S.W.3d 850, 853 (Tex. App.—El Paso 2010, no pet.); *see also Carr*, 776 S.W.2d at 569.

As set out above, Burge's petition includes several allegations in the paragraph entitled "Causes of Action" in addition to those named in the no-evidence motion for summary judgment. We will address the issues raised in Burge's appellate brief as they might relate to a cause of action stated in the petition that was not defeated by the no-evidence summary judgment.

3

By his first issue, Burge complains that the court abused its discretion by admitting the affidavit of an undisclosed witness. Burge complains that the admission of Kirk Schwartz's affidavit harmed him because it provided evidence "that U.S. Bank was somehow in possession of the promissory note." But that evidence also came in through Williams's unobjected-to affidavit attached to the motion for summary judgment. Burge cannot show harm from any error in the admission of cumulative evidence from Schwartz. *See Gee v. Liberty Mut. Fire Ins. Co.*, 765 S.W.2d 394, 396 (Tex. 1989). We overrule issue one.

By his second issue, Burge contends that the trial court denied him due process by not vacating an order issued when he showed that he did not have proper notice of the foreclosure because the notice was sent to a previous address for the property.[2] Appellees assert that Burge's complaint relates to notice of a home-equity judgment rendered by a different court under a different cause number. Burge alleged lack of notice of the sale at the trial court, but appellees submitted as summary-judgment evidence letters dated May 16, 2011, and others dated June 9, 2011, sent to Burge and his wife at both addresses for the property advising them of the sale. Burge does not cite evidence disputing these notices of sale and did not show a fact issue that should have prevented summary judgment.[3] We overrule issue two.

---

[2] According to evidence from Burge, between the making of the note and the foreclosure, the area around the property was annexed by the City of Round Rock and the property's address was changed to fit within the plan for the city.

[3] Burge refers to an order of foreclosure listing only the previous form of the address, but his petition complained of the failure of notice of the sale. Further, that order of foreclosure was apparently attached to the notices of sale that were addressed to the old and new formulations of the property address.

4

By his third issue Burge contends that the record shows a question of fact regarding ownership of the note. He cites evidence that the Trust closed 90 days after January 1, 2005, but the note was not transferred until 2010 using a power of attorney recorded in 2006. Appellees argue that the transfer of the note carried with it an assignment of the lien. *See J.W.D., Inc. v. Federal Ins. Co.*, 806 S.W.2d 327, 329-30 (Tex. App.—Austin 1991, no writ) (mortgage on real estate is said to "follow" promissory note it secures) (cited by *Campbell v. Mortgage Elec. Registration Sys.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *11-12 (Tex. App.—Austin May 18, 2012, pet. denied) ("When a mortgage note is transferred, the mortgage or deed of trust is also automatically transferred to the note holder by virtue of the common-law rule that 'the mortgage follows the note.'")). More critically, Burge lacks standing to challenge the foreclosure based on the validity of the assignment under the Trust's closing date because he was not party to the transfer. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Even if the transfer violated the closing date, the transfer is not rendered void and Burge has not shown that the noteholder lacked the right to foreclose. *Id*. We overrule issue three.

By issue four, Burge contends that "[t]he assignment of a deed of trust has zero effect upon the negotiation of a promissory note, a legal rule this Court got wrong in *Bierwirth v. BAC Home Loans Servicing, L.P.*, [No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506 at *5 (Tex. App.—Austin Aug. 30, 2012, pet. denied)] and which can be corrected here while *Bierwirth* is on petition for review." Not only has the supreme court denied the petition for review in *Bierwirth*, but appellees explain that Burge's argument is irrelevant because of a factual distinction. In *Bierwirth*, a central issue was whether the entity attempting to foreclose under the deed of trust

had sufficiently shown it was the holder of the note, *see* 2012 Tex. App. LEXIS 7506 at *6-16, while here there is unchallenged evidence that the note was endorsed to the party foreclosing on the note. Burge's argument fails both legally and factually. We overrule issue four.

## CONCLUSION

We affirm the judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed:   May 27, 2016

6