**Affirmed and Majority and Dissenting Memorandum Opinions filed May 14, 2024**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00040-CV**

---

**THE BRYANT LAW FIRM AND DEBORAH E. BRYANT, Appellants**

**V.**

**ROBERT  WALKER, Appellee**

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1145840**

---

### DISSENTING  MEMORANDUM OPINION

In this appeal the pertinent facts are undisputed.  A dispute erupted between appellee Robert Walker and his attorney, appellant Deborah E. Bryant and her law firm (collectively Bryant), over Bryant's handling of Walker's effort to terminate his child support obligations.  In addition, the undisputed facts establish that Walker settled his claims against Bryant when he cashed her proffered settlement check.  Because the majority affirms the trial court's judgment awarding Walker

damages for his claims that he had previously settled, I dissent.

Walker retained Bryant to represent him in a suit to terminate his child support obligations. Walker eventually paid Bryant $3,300 for her representation. Bryant represented Walker for more than a year, but she had not achieved Walker's goal of terminating his child support obligations. Walker, dissatisfied with the delay, terminated Bryant's services. Additionally, Walker notified Bryant that he was "out of over an additional $3000 (not including my monthly child support payments) since hiring you and I have nothing to show for it." Walker then requested a refund of all funds he had paid Bryant. Walker further informed Bryant that if she was "not willing to handle this matter as such[,] my only other option will be to handle this with legal action."

Bryant agreed to refund the money Walker had paid and she informed Walker that she would reduce their agreement to writing in the form of a release for Walker to sign. Walker sent an email in which he demanded the return of his entire file and protested Bryant attempting to force him to sign a release "under duress." Bryant then sent the proposed release and urged Walker "to take the release to an attorney of your choice to review before you sign." Walker did not sign the release.

Several days later, Bryant sent Walker an email notifying him that she would be sending him a copy of his file along with an unsigned release formalizing their agreement, a self-addressed stamped envelope for return of the signed release, and a $3,300 check by certified mail, return receipt requested. Walker received Bryant's mailing, including the check. The check included the following statement: "CASH OF THIS CHECK REPRESENTS A FULL & FINAL SETTLEMENT AND RELEASE OF ALL CLAIMS AGAINST DEB & TBLF AND REFUND OF ALL ATTORNEY'S FEES ON CN200025634." Walker

2

struck through this language and cashed the check.

About a week later, Walker filed suit against Bryant asserting claims for DTPA violations, negligence, gross negligence, and breach of fiduciary duty. Walker alleged that Bryant was liable to him for at least $10,500 in child support payments that he believed he should not have had to pay if Bryant had properly represented him. In response, Bryant asserted various affirmative defenses including common law and statutory accord and satisfaction. Bryant also filed counterclaims for breach of contract and intentional infliction of emotional distress.

The case proceeded to trial. When Walker concluded his case in chief, Bryant moved for a directed verdict on Walker's claims against her based on the affirmative defense of accord and satisfaction. Walker did not dispute that Bryant had proven the elements of the accord and satisfaction defense, instead, he argued that it did not apply to tort claims. Walker also appeared to be under the misapprehension that Bryant was arguing she was entitled to a directed verdict under "UCC 4 . . . which covers negotiable instruments for the sale of goods." The trial court denied Bryant's motion.

When Bryant finished presenting her case, the trial court revisited Bryant's motion for directed verdict on Walker's claims, including the argument based on the accord and satisfaction affirmative defense. The trial court granted the motion in part and dismissed Walker's claims for breach of fiduciary duty and DTPA violations. The trial court, apparently believing that the accord and satisfaction affirmative defense applied only to contract claims and not to torts, did not grant the directed verdict on the remainder of Walker's claims. The trial court then submitted the remainder of the case to the jury, which found in favor of Walker. The jury awarded Walker $6,600 for child support payments owed and $50,000 in

3

exemplary damages. Bryant filed motions for judgment notwithstanding the verdict and for new trial, which were overruled by operation of law. The trial court signed a judgment based on the jury's verdict.

To prevail under the common law on her affirmative defense of accord and satisfaction, Bryant had to establish the existence of a contract, express or implied, in which the parties agree to the discharge of an existing obligation by means of a lesser payment tendered and accepted. *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 863 (Tex. 2000). Additionally, there must be a dispute between the parties and an unmistakable communication that the tender of the reduced sum was upon the condition that acceptance would satisfy the underlying obligation. *Id.* As our sister court explained, the term "accord" refers to the new agreement in which one party agreed to give or perform and the other to accept "something other than or different from what she is, or considers herself to be, entitled to." *Melendez v. Padilla*, 304 S.W.3d 850, 852–53 (Tex. App.—El Paso 2010, no pet.). The term "satisfaction" refers to the actual performance of the new agreement, in which the party accepts the tendering of the lesser payment." *Id.*

The elements of an accord and satisfaction under Chapter Three of the Uniform Commercial Code are (1) a person in good faith tendered an instrument to the claimant as full satisfaction of a claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute, and (3) the claimant obtained payment of the instrument. Tex. Bus. & Com. Code Ann. § 3.311(a); *see 1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 383 (Tex. 2011) ("It is settled law that a check—as a type of negotiable instrument—is a formal contract, a rule established not only in treatises but also the common law of this state and other states."); *Melendez*, 304 S.W.3d at 853 (stating that "Section 3.311 is only applicable to accord-and-satisfaction claims concerning negotiable instruments.

4

Indeed, Section 3.311 is contained within Chapter 3 of the Texas Business and Commerce Code, entitled 'Negotiable Instruments.'"). A directed verdict for a defendant is warranted if the plaintiff admits, or the evidence conclusively establishes, a defense to the plaintiff's cause of action. *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000).

In her first and third issues on appeal, Bryant argues that the trial court erred when it denied her motion for directed verdict on Walker's claims against her based on the affirmative defenses of common law and statutory accord and satisfaction. The majority overrules these issues for two reasons. First, it concludes that Bryant did not establish the existence of a dispute between the parties. Second, it concludes that the "Full & Final Settlement and release of all claims" language on the face of Bryant's check was overbroad and "extends far beyond the attorney's fees requested and attempts to absolve Bryant of all deficiencies arising from her representation." The majority then concludes that there is no "authority supporting such an expansive interpretation of section 3.311 [of the Texas Business and Commerce] whereby a person may discharge *all claims* asserted against her (including future possible claims) when the statute specifically contemplates discharging *the claim*." Maj. op. at p. 13 (emphasis in original). Neither reason is supported by the record or the law.

Turning first to the existence of a dispute. Walker demanded the return of the entire $3,300 he had paid Bryant to eliminate his child support payment obligation. In his demand, Walker stated his belief that he had been required to overpay his child support obligation as a result of Bryant's alleged negligence to promptly handle his case. Walker also communicated his willingness to accept the return of all funds he had paid to Bryant to resolve the dispute. I believe this undisputed evidence establishes that there was a dispute over Bryant's

5

representation of Walker. *See Goffney v. Rabson*, 56 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (attorney's failure to render agreed upon services in a contract provide for a legal malpractice claim since it is a failure to properly exercise the "degree of care, skill, and diligence as lawyers of ordinary skill and knowledge commonly possess and exercise"). This dispute is the type of dispute that can be resolved through an accord and satisfaction. *Melendez*, 304 S.W.3d at 853 (stating that the defense of accord and satisfaction "is applicable in tort claims"); *Case Funding Network, L.P. v. Anglo-Dutch Petroleum Intern., Inc.*, 264 S.W.3d 38, 49 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (stating that claims "arising out of the commission of a tort are particularly applicable subjects for accord and satisfaction").

Turning to the majority's second reason for rejecting Bryant's accord and satisfaction affirmative defense, I believe it misconstrues the law when it concludes that, because the statue uses the singular form of "claim," the defense could not apply to multiple claims. *See* Tex. Gov't Code Ann. § 311.012(b) ("The singular includes the plural and the plural includes the singular."). Regardless, I believe there was only a single claim: Walker's allegation that Bryant committed malpractice when handling his child support case. The fact there may be different elements of damages does not change the fact there was a single claim: Bryant allegedly committed legal malpractice.

Bryant printed on her proffered check the following statement: "CASH OF THIS CHECK REPRESENTS A FULL & FINAL SETTLEMENT AND RELEASE OF ALL CLAIMS AGAINST DEB & TBLF AND REFUND OF ALL ATTORNEY'S FEES ON CN200025634." Walker struck through this statement and then cashed the check. Walker's act of striking through the settlement language printed on Bryant's check legally had no effect. *See Metromarketing*

*Servs., Inc. v. HTT Headwear, Ltd.*, 15 S.W.3d 190, 197 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("The creditor cannot strike the debtor's conditions from the face of the instrument or insert his own provision that the check is partial payment and accepted 'without prejudice' or 'under protest.'"). The only way that Walker could repudiate a transaction that purports to fully satisfy a claim was to return the tendered check. *Id.* Therefore, when Walker cashed Bryant's check, he accepted the proffered settlement of his claims against Bryant. *See Melendez*, 304 S.W.3d at 852–53 (stating that the term "satisfaction" refers to the actual performance of the accord, the new agreement, which occurs when the party accepts the tendering of a lesser payment). Because the undisputed evidence establishes that Bryant proved her affirmative defense of accord and satisfaction as a matter of law, I would hold that the trial court erred when it denied her motion for directed verdict on Walker's claims against her. *See Memorial Med. Ctr. Of E. Tex. v. Keszler*, 943 S.W.2d 433, 435 (Tex. 1997) (recognizing that the parties settled and released all claims relating to their relationship, including an existing gross negligence claim); *Sydlik v. REEIII, Inc.*, 195 S.W.3d 329, 336 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (stating that Texas public policy is to "encourage settlement of existing claims"); *Vera v. North Star Dodge Sales, Inc.*, 989 S.W.2d 12, 18 (Tex. App.—San Antonio 1998, no pet.) (concluding that a release, which operated to release a car dealership "from any and all liability regarding the purchase of a" vehicle, was not limited to claims concerning the actual purchase of the vehicle, but also included unlawful debt collection, conversion, and wrongful repossession claims).

Because the majority affirms the trial court's denial of Bryant's motion for directed verdict, I respectfully dissent.

/s/     Jerry Zimmerer
        Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain (Zimmerer, J., Dissenting).